1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
2  Alan R. Plutzik, Of Counsel (Bar No. 077785)
   Robert M. Bramson, Of Counsel (Bar No. 102006)
3  2125 Oak Grove Road, Suite 120
   Walnut Creek, California 94598
4  Telephone:  (925) 945-0770
5  Facsimile:   (925) 945-8792

6  -and-

7  Stuart L. Berman
   Sean M. Handler
8  Tammy D. Cummings
   280 King of Prussia Road
9  Radnor, PA 19087
   Telephone:  (610) 667-7706
10 Facsimile:   (610) 667-7056

11

12 Attorneys for Plaintiffs

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15

16                         SAN FRANCISCO

17 ELECTRICAL WORKERS PENSION
   FUND, LOCAL 103, I.B.E.W., *On Behalf of*      No. 3:07-CV-04056-MJJ
18 *itself and all others similarly situated,*
19                              Plaintiff,         CLASS ACTION

20          vs.                                   MOTION OF THE LIDARD GROUP TO
                                                  CONSOLIDATE ACTIONS,
21                                                TO BE APPOINTED LEAD PLAINTIFF
22 NUVELO, INC., TED W. LOVE, GARY S.             AND FOR APPROVAL OF LEAD
   TITUS and SHELLY D. GUYER,                     PLAINTIFF'S SELECTION OF LEAD
23                                                COUNSEL
24                              Defendants.
                                                  DATE: October 2, 2007
25                                                TIME: 9:30 am.
26                                                COURTROOM: Hon. Martin J. Jenkins

27

28

| | |
|---|---|
| BARRY LOGAN, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,<br><br>Defendants. | No. 3:07-CV-04057-MJJ |
| ARNOLD GILES, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,<br><br>Defendants. | No. 3:07-CV-04058-MJJ |
| HERBERT BAKER, *On Behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,<br><br>Defendants. | No. 3:07-CV-04059-MJJ |

PLEASE TAKE NOTICE that pursuant to Section 21D(a)(3) of the Securities Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), class members Charles Lidard, Alec McMordie and Joseph Escher (collectively, the "Lidard Group"), by their counsel, will hereby move this Court, on October 2, 2007 at 9:30 a.m., before the Honorable Martin J. Jenkins, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102, for an Order: (i) consolidating for all purposes the above-captioned related actions pursuant to Fed. R. Civ. P. 42;

(ii) appointing the Lidard Group as Lead Plaintiff; (iii) approving the Lidard Group's selection of the law firm of Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel;[1] and (iv) granting such other and further relief as the Court may deem just and proper.

Pursuant to the deadline imposed by the PSLRA, the Lidard Group timely filed its motion for appointment as lead plaintiff on April 10, 2007, in the United States District Court for the Southern District of New York. *See* 15 U.S.C. § 78u-4(a)(3)(A)(2); Exhibits 1-4, attached hereto. The Honorable Harold Baer stayed additional lead plaintiff briefing pending resolution of the Motion to Transfer that was filed by Defendants on April 18, 2007. On July 20, 2007, the Motion to Transfer was granted, and this action was transferred into this Court on August 8, 2007.

This Motion is made pursuant to Exchange Act, on the grounds that the Lidard Group is the "most adequate plaintiff" and meets the requirements of Federal Rule of Civil Procedure 23. In addition, the Lidard Group has selected and retained counsel with extensive experience in prosecuting securities actions to serve as Lead Counsel.

In support of this Notice of Motion, the Lidard Group submits herewith its previously filed Motion, the Memorandum of Law and Declaration of Evan J. Smith in support thereof, the pleadings and other files in this action, and such other written or oral argument as may be presented to the Court. *See* Exhibits 1-4.

Dated: August 16, 2007

Respectfully submitted,

s/Alan R. Plutzik
ALAN R. PLUTZIK

SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP

---

[1] In it previously filed motion, the Lidard Group also moved for the appointment of Brodsky & Smith, LLC as Liaison Counsel. The Lidard Group is no longer seeking appointment of Liaison Counsel since its proposed Lead Counsel, Schiffrin Barroway Topaz & Kessler, LLP, maintains an office in this District.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alan R. Plutzik, Of Counsel
Robert M. Bramson, Of Counsel
2125 Oak Grove Blvd., Suite 120
Walnut Creek, CA 94598
Telephone:   (925) 945-0770
Facsimile:   (925) 945-8792

-and-

Stuart L. Berman
Sean M. Handler
Tammy D. Cummings
280 King of Prussia Road
Radnor, PA 19087
Telephone:   (610) 667-7706
Facsimile:   (610) 667-7056

[Proposed] Lead Counsel


BRODSKY & SMITH, LLC
Evan J. Smith (ES3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone:    (516) 741-4977
Facsimile:    (516) 741-0626

Additional Counsel for the Lidard Group

1

<u>CERTIFICATE OF SERVICE</u>

2        It is hereby certified that a copy of the foregoing document was filed and served via electronic

3  transmission with the clerk of court using the CM/ECF system on this 16th day of August, 2007 and

4  thereby served upon all counsel of record.

5

6                                      <u>s/Alan R. Plutzik</u>
                                      ALAN R. PLUTZIK

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., *On Behalf of itself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,<br><br>Defendants. | Electronically Filed<br><br><br>Civil Action No. 1:07-CV-00975-HB<br><br>(ECF Case) |
| BARRY LOGAN, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,<br><br>Defendants. | Civil Action No. 1:07-CV-01229-HB<br><br>(ECF Case) |

[Captions continued on next page]

**MOTION OF THE LIDARD GROUP TO CONSOLIDATE
ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

ARNOLD GILES, *Individually and on behalf of all others similarly situated,*

                    Plaintiff,

        vs.

NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,

                    Defendants.

Civil Action No. 1:07-CV-01777-HB

(ECF Case)

HERBERT BRAKER, *On Behalf of himself and all others similarly situated,*

                    Plaintiff,

        vs.

NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,

                    Defendants.

Civil Action No. 1:07-CV-01953-HB

(ECF Case)

PLEASE TAKE NOTICE that class members Charles Lidard, Alec McMordie and

Joseph Escher (collectively, the "Lidard Group"), by their counsel, will hereby move this Court,

on a date and at such time as may be designated by the Court, for an Order: (i) consolidating for

all purposes the above-captioned related actions pursuant to Fed. R. Civ. P. 42; (ii) appointing

the Lidard Group as lead plaintiff; (iii) approving the Lidard Group's selection of the law firm of

Schiffrin Barroway, Topaz & Kessler, LLP to serve as Lead Counsel; (iv) approving the Lidard

Group's selection of the law firm of Brodsky & Smith, LLC to serve as Liaison Counsel; and (v)

granting such other and further relief as the Court may deem just and proper. In support of this

motion, the Lidard Group submits herewith a Memorandum of Law and Declaration of Evan J.

Smith.

Dated: April 10, 2007                     Respectfully submitted,


                                          **BRODSKY & SMITH, LLC**

                                          By:   */s Evan J. Smith, Esquire (ES3254)*
                                          Evan J. Smith (ES3254)
                                          240 Mineola Blvd.
                                          Mineola, NY 11501
                                          Telephone:    (516) 741-4977
                                          Facsimile:    (516) 741-0626

                                          **Proposed Liaison Counsel**

                                          **SCHIFFRIN BARROWAY**
                                          **TOPAZ & KESSLER, LLP**
                                          Stuart L. Berman
                                          Sean M. Handler
                                          Nicolette Tropiano
                                          280 King of Prussia Road
                                          Radnor, PA 19087
                                          Telephone:    (610) 667-7056
                                          Facsimile:    (610) 667-7706

                                          **Proposed Lead Counsel**

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., *On Behalf of itself and all others similarly situated,* | Electronically Filed |
| Plaintiff, | |
| vs. | Civil Action No. 1:07-CV-00975-HB |
| NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER, | (ECF Case) |
| Defendants. | |
| BARRY LOGAN, *Individually and on behalf of all others similarly situated,* | |
| Plaintiff, | |
| vs. | Civil Action No. 1:07-CV-01229-HB |
| NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER, | (ECF Case) |
| Defendants. | |

[Captions continued on next page]

## [PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

ARNOLD GILES, *Individually and on behalf of all others similarly situated,*

                 Plaintiff,

       vs.

NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,

                Defendants.

Civil Action No. 1:07-CV-01777-HB

(ECF Case)

HERBERT BRAKER, *On Behalf of himself and all others similarly situated,*

                 Plaintiff,

       vs.

NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,

                Defendants.

Civil Action No. 1:07-CV-01953-HB

(ECF Case)

Having considered the motion of members Charles Lidard, Alec McMordie and Joseph Escher (collectively, the "Lidard Group") to consolidate actions, to be appointed Lead Plaintiff and for approval of Lead Plaintiff's selection of Lead Counsel and Liaison Counsel, the memorandum of law in support thereof, the declaration of Evan J. Smith in support of that motion, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The motion is granted.

2.    The above-captioned actions are consolidated for all purposes (the "Consolidated Action"). This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Consolidated Action.

3.    A Master File is established for this proceeding. The Master File shall be Civil Action No. 1:07-cv-00975-HB. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

4.    An original of this Order shall be filed by the Clerk in the Master File.

5.    The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

6.    Every pleading in the Consolidated Action shall have the following caption:

| IN RE NUVELO, INC. SECURITIES LITIGATION | Civil Action No. 1:07-cv-00975-HB |
|---|---|

7.    The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

8.     When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a.     File a copy of this Order in the separate file for such action;

    b.     Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed case; and

    c.     Make the appropriate entry in the Master Docket for the Consolidated Action.

9.     Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

10.     The Lidard Group is appointed to serve as Lead Plaintiff in the above-captioned consolidated action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

11.     The law firm of Schiffrin Barroway Topaz & Kessler, LLP is hereby approved as Lead Counsel for the Class. Lead Counsel shall provide general supervision of the activities of plaintiff's counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

    a.     To brief and argue motions;

b.      To initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

c.      To direct and coordinate the examination of witnesses in depositions;

d.      To act as spokesperson at pretrial conferences;

e.      To call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

f.      To initiate and conduct any settlement negotiations with counsel for defendants;

g.      To provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

h.      To consult with and employ experts;

i.      To receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

j.      To perform such other duties as may be expressly authorized by further order of this Court.

12.     The law firm of Brodsky & Smith, LLC is hereby approved as Liaison Counsel

for the Class.

IT IS SO ORDERED.

DATED:_____        _____

Harold Baer,
United States District Judge

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., *On Behalf of itself and all others similarly situated,* | Electronically Filed |
| Plaintiff, | |
| vs. | Civil Action No. 1:07-CV-00975-HB |
| NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER, | (ECF Case) |
| Defendants. | |
| BARRY LOGAN, *Individually and on behalf of all others similarly situated,* | |
| Plaintiff, | |
| vs. | Civil Action No. 1:07-CV-01229-HB |
| NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER, | (ECF Case) |
| Defendants. | |

[Captions continued on next page]

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE LIDARD GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

| | |
|---|---|
| ARNOLD GILES, *Individually and on behalf of all others similarly situated,* | |
| Plaintiff, | Civil Action No. 1:07-CV-01777-HB |
| vs. | (ECF Case) |
| NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER, | |
| Defendants. | |
| HERBERT BRAKER, *On Behalf of himself and all others similarly situated,* | |
| Plaintiff, | Civil Action No. 1:07-CV-01953-HB |
| vs. | (ECF Case) |
| NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER, | |
| Defendants. | |

ii

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

INTRODUCTION .................................................................................................................. 1

PROCEDURAL BACKGROUND........................................................................................... 3

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT......................................................................................................................... 4

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 4

II.     THE LIDARD GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ...................... 5

        A.      The Procedural Requirements Pursuant To The PSLRA......................................... 5

        B.      The Lidard Group Is "The Most Adequate Plaintiff" ............................................ 6

                1.      The Lidard Group Has Made A Motion For
                        Its Appointment As Lead Plaintiff..................................................................6

                2.      The Lidard Group Has The
                        Largest Financial Interest................................................................................6

                3.      The Lidard Group Otherwise
                        Satisfies Rule 23 ...........................................................................................7

                        a.      The Lidard Group Fulfills
                                The Typicality Requirement ...............................................................8

                        b.      The Lidard Group Fulfills
                                The Adequacy Requirement ................................................................8

III.    THE COURT SHOULD APPROVE THE LIDARD GROUP'S
        CHOICE OF COUNSEL ......................................................................................................10

CONCLUSION..........................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993)..............................................................8

*Ferrari v. Gisch*, 225 F.R.D. 599 (C.D. Cal. 2004).............................................................9

*Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ........................................................................................................8

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996) .......................................5

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990)..........................................................................................................................4

*Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist LEXIS 11866 (N.D. Ill. Aug. 6, 1997)....................................................................................5

*Montoya v. Mamma.com,* No. 06-cv-2313(HB), 2005 U.S. Dist. LEXIS 10224 (S.D.N.Y. May 31, 2005) .......................................................................................4

*In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998).............6, 7, 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 03 Civ. 8264 (RWS), 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y. May 27, 2004).............5

*Sczensy Trust v. DiCamillo*, 223 F.R.D. 234 (S.D.N.Y. 2004).......................................7, 9

*Sofran v. Labranche & Co.*, 220 F.R.D. 398 (S.D.N.Y. 2004)............................................6

## STATUTES

15 U.S.C. § 78u-4(a)(3) ........................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i)...............................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)and (B)........................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) ...............................................................................................7, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii) .............................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................10

## RULES

## **TABLE OF AUTHORITIES**

Fed. R. Civ. P. 23(a) .................................................................................................................7

Fed. R. Civ. P. 42(a) .................................................................................................................4

## PRELIMINARY STATEMENT

Nuvelo, Inc. ("Nuvelo" or the "Company") investors Charles Lidard, Alec McMordie and Joseph Escher (collectively, the "Lidard Group") have losses totaling approximately $238,419 as a result of their investments in Nuvelo. Accordingly, the Lidard Group is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Lidard Group hereby moves for its appointment as Lead Plaintiff of a proposed class of persons or entities who purchased or acquired Nuvelo securities between January 5, 2006 and December 8, 2006, inclusive (the "Class Period").

## INTRODUCTION

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

The Lidard Group, with losses of approximately $238,419, in connection with its purchases of Nuvelo securities during the Class Period, is suitable and adequate to serve as Lead Plaintiff.[1] The members of the Lidard Group have submitted sworn certifications, demonstrating their desire to serve as Lead Plaintiff in this action and their understanding of the attendant

---

[1] The losses suffered by the Lidard Group are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

duties and obligations of serving as such. *See* Smith Decl. at Exhibit A.[2] To the best of its

knowledge, the Lidard Group's losses represent the largest known financial interest of any class

member seeking to be appointed as Lead Plaintiff. *See* Smith Decl. at Exhibit C. The Lidard

Group is not aware of any other class member that has filed an action or filed an application for

appointment as Lead Plaintiff that has sustained greater financial losses. In addition, the Lidard

Group satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil

Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in these

actions. Thus, as demonstrated herein, the Lidard Group is presumptively the most adequate

plaintiff and should be appointed Lead Plaintiff.

The Lidard Group respectfully submits this memorandum of law in support of its motion,

pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the

PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these

actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Lidard Group to serve as Lead

Plaintiff pursuant to the Exchange Act; (3) approving the Lidard Group's selection of Schiffrin

Barroway Topaz & Kessler, LLP ("Schiffrin Barroway Topaz & Kessler") to serve as Lead

Counsel for the Class; and (4) approving the Lidard Group's selection of Brodsky & Smith, LLC

("Brodsky & Smith") to serve as Liaison Counsel for the Class.

---

[2] Sworn Certifications for Charles Lidard, Alec McMordie and Joseph Escher documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Evan J. Smith In Support Of The Motion Of The Lidard Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel (the "Smith Decl.").

## PROCEDURAL BACKGROUND

The first filed lawsuit against defendants, *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc., et al.,* No. 1:07-cv-00975 (HB), was filed in the Southern District of New York on February 9, 2007. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 9, 2007, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff no later than April 10, 2007. *See* Smith Decl. at Exhibit B. The members of the Lidard Group are class members (*see* Smith Decl. at Exhibit A) and are timely filing this motion within the 60 day period following publication of the February 9, 2007 notice pursuant to Sections 21D of the PSLRA.

## STATEMENT OF FACTS[3]

Nuvelo is a Delaware corporation with its principal place of business in San Carlos, California. Nuvelo is a biopharmaceutical company that engages in the discovery, development, and commercialization of various treatment drugs, including alfimeprase, a thrombolytic agent with a novel mechanism of action. Prior to and during the Class Period, the Company pursued alfimeprase for use in catheter occlusion, acute peripheral arterial occlusion ("PAO") and other medical conditions.

Throughout the Class Period, Defendants failed to disclose that: (1) the clinical trial information regarding multiple alfimeprase studies was inaccurate; (2) specifically, clinical data from testing failed to show that alfimeprase, when administered through a catheter, could dissolve blood clots; (3) no reliable data existed to show that alfimeprase would meet the high

---

[3] These facts were derived from the allegations contained in the class action styled as *Logan v. Nuvelo, Inc., et al.,* No. 07-01229 (S.D.N.Y filed Feb. 16, 2007).

standards for efficacy for FDA approval; (4) such information, as described above, was known to Defendants as early as December 2004, when Amgen discontinued its investment in alfimeprase; and (5) that, as a result of the above, the Company's statements concerning alfimeprase and its clinical trials were lacking in any reasonable basis when made.

On December 11, 2006, Nuvelo shocked investors when it revealed that, contrary to earlier positive reports provided by the Defendants, Nuvelo's clinical trials of alfimeprase did not meet any of the primary or key secondary endpoints established for success. In addition, the Company announced that it had temporarily suspended enrollment in all other ongoing trials, pending discussions with outside experts and regulatory agencies due to safety concerns and the usefulness of alfimeprase. On this shocking news, shares of Nuvelo plummeted $15.50 (or 79 percent) to close on December 11, 2006, at $4.05 per share, on unusually high trading volume.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Nuvelo securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Nuvelo securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990); *see also Montoya v. Mamma.com,* No. 06-cv-2313(HB), 2005 U.S. Dist. LEXIS 10224 (S.D.N.Y. May 31, 2005) (Baer, J.). Accordingly, these Related Actions should be consolidated.

### II.    THE LIDARD GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

4

A.    **The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee

securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C.

§ 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action,

publish a notice to the class informing class members of their right to file a motion for

appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action

published a notice on *Business Wire* on February 9, 2007. *See* Smith Decl. at Exhibit B.[4] This

notice indicated that applications for appointment as Lead Plaintiff were to be made no later than

April 10, 2007. Within 60 days after publication of the required notice, any member or members

of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not

they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that

the Court determines to be most capable of adequately representing the interests of class

members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-

4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides

that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this title is the person or **group of persons** that-

---

[4] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be
published "in a widely circulated national business-oriented publication or wire service." *See
Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* No. 02 Civ. 8264
(RWS), 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP
Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.,*
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

(aa) has either filed the complaint or made a motion in response to a notice . . .

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *see also Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

**B.     The Lidard Group Is "The Most Adequate Plaintiff"**

### 1.     The Lidard Group Has Made A Motion For Its Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Lidard Group timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

### 2.     The Lidard Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as Lead Plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401. As is demonstrated herein, the Lidard Group (with losses of $238,419) has the largest known financial interest in the relief sought by the Class. *See* Smith Decl. at Exhibit C.

### 3.     The Lidard Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health,* 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). The members of the Lidard Group have claims that are typical of other class members and can adequately serve as Lead Plaintiff. As detailed below, the members of the Lidard Group satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.[5]

---

[5]  Charles Lidard, Alec McMordie and Joseph Escher have claims that are typical of those of other Class members and can adequately serve as Lead Plaintiff. Charles Lidard is a retired research analyst who resides in Maryland; Alec McMordie is a sports publisher who resides in California; and Joseph Escher is self employed and resides in Georgia. The Lidard Group is committed to working on the joint prosecution of this action.

7

### a.    The Lidard Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *see also Oxford Health,* 182 F.R.D. at 50 (same). However, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality. *See Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

The Lidard Group seeks to represent a class of purchasers of Nuvelo securities which have identical, non-competing and non-conflicting interests. The members of the Lidard Group satisfy the typicality requirement because, just like all other class members, they: (1) purchased or acquired Nuvelo securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Lidard Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b.    The Lidard Group Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the

---

members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As detailed above, the Lidard Group shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members. Further, the members of the Lidard Group have already taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed sworn certifications detailing their Class Period transactions and expressing their willingness to serve as Lead Plaintiff; they have moved this Court to be appointed as Lead Plaintiff in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. *See Sczensy Trust,* 223 F.R.D. at 324 (discussing adequacy requirement). Furthermore, the Lidard Group has the largest known financial interest which gives it "an incentive to prosecute the action vigorously." (discussing adequacy requirement); *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004). Thus, the Lidard Group, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## III.    THE COURT SHOULD APPROVE THE LIDARD GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, the Lidard Group has

selected and retained Schiffrin Barroway Topaz & Kessler as Lead Counsel for the Class and

Brodsky & Smith to serve as Liaison Counsel for the Class.  These firms have extensive

experience in prosecuting complex securities actions and are well qualified to represent the

Class. *See* Smith Decl. at Exhibits D and E.

Because there is nothing to suggest that the Movant or its counsel will not fairly and

adequately represent the Class, or that the Movant is subject to unique defenses – which is the

*only* evidence that can rebut the presumption of adequacy under the Exchange Act – this Court

should appoint the Lidard Group as Lead Plaintiff and approve its selection of Schiffrin

Barroway Topaz & Kessler as Lead Counsel for the Class and Brodsky & Smith as Liaison

Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Lidard Group respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Lidard Group as Lead Plaintiff; (c) approve Schiffrin Barroway Topaz & Kessler as Lead Counsel for the Class; and (d) approve Brodsky & Smith as Liaison Counsel for the Class.

Dated: April 10, 2007

Respectfully submitted,

**BRODSKY & SMITH, LLC**

By:  ___/s Evan J. Smith, Esquire (ES3254)___
Evan J. Smith (ES3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone:    (516) 741-4977
Facsimile:    (516) 741-0626

**Proposed Liaison Counsel**

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
Stuart L. Berman
Sean M. Handler
Nicolette Tropiano
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7056
Facsimile:    (610) 667-7706

**Proposed Lead Counsel**

11

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., *On Behalf of itself and all others similarly situated,* | Electronically Filed |
| Plaintiff, | |
| vs. | Civil Action No. 1:07-CV-00975-HB |
| NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER, | (ECF Case) |
| Defendants. | |
| BARRY LOGAN, *Individually and on behalf of all others similarly situated,* | |
| Plaintiff, | |
| vs. | Civil Action No. 1:07-CV-01229-HB |
| NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER, | (ECF Case) |
| Defendants. | |

[Captions continued on next page]

**DECLARATION OF EVAN J. SMITH IN SUPPORT OF THE
MOTION OF THE LIDARD GROUP TO CONSOLIDATE
ACTIONS, BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

ARNOLD GILES, *Individually and on behalf of all others similarly situated,*

                             Plaintiff,

                vs.

NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,

                        Defendants.

Civil Action No. 1:07-CV-01777-HB

(ECF Case)

HERBERT BRAKER, *On Behalf of himself and all others similarly situated,*

                             Plaintiff,

                  vs.

NUVELO, INC., TED W. LOVE, GARY S. TITUS and SHELLY D. GUYER,

                        Defendants.

Civil Action No. 1:07-CV-01953-HB

(ECF Case)

Evan J. Smith, declares under penalty of perjury this 10th day of April, 2007:

1.    I am a partner with the law firm of Brodsky & Smith, LLC, proposed Liaison Counsel for class members Charles Lidard, Alec McMordie and Joseph Escher (collectively, the "Lidard Group").

2.    I respectfully submit this declaration in support of the motion of the Lidard Group for consolidation of related actions, the appointment of Lead Plaintiff and for approval of Lead Plaintiff's selection of Lead Counsel and Liaison Counsel.

3.    Attached hereto as Exhibit A are true and correct copies of the signed certifications of class members Charles Lidard and Alec McMordie pursuant to the requirements of the Private Securities Litigation Reform Act of 1995. 15 U.S.C. § 78u-4(a)(2).

4.    Attached hereto as Exhibit B is a true and correct copy of the notice to class members concerning the first-filed of the above-captioned actions that was published on February 9, 2007 on *Business Wire* advising the public of the pendency of a class action filed on behalf of shareholders of Nuvelo, Inc. ("Nuvelo").

5.    Attached hereto as Exhibit C is a true and correct copy of a chart of the Lidard Group's transactions and approximate losses in Nuvelo securities.

6.    Attached hereto as Exhibit D is a true and correct copy of the firm biography for Schiffrin Barroway Topaz & Kessler, LLP, the law firm seeking the Court's approval as Lead Counsel.

7.    Attached hereto as Exhibit E is a true and correct copy of the firm biography for

Brodsky & Smith, LLC, the law firm seeking the Court's approval as Liaison Counsel.

I hereby declare under penalty of perjury that the foregoing is true and correct.

*/s Evan J. Smith, Esquire (ES3254)*
Evan J. Smith (ES3254)

# EXHIBIT A

**CERTIFICATION**

I, (print name) CHARLES E. LIDARD ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the Complaint, authorizes its filing, and retains Schiffrin & Barroway, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4.    Plaintiff's purchase and sale transaction(s) in the **Nuvelo, Inc. (Nasdaq: NUVO)** security that is the subject of this action during the Class Period is/are as follows :

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price per share |
|---|---|---|---|---|---|
| see attached | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**(Please list additional purchase and sale information on a separate sheet of paper, if necessary)**

5.    Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.    During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:_____ _____.

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class  as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of FEBRUARY , 2007.

_Charles E. Lidard_
Signature

CHARLES E. LIDARD
Print Name

**Charles Lidard**

## Schedule A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|---|---|---|---|---|
| 3/16/2006 | purchase | com stk | 1,000 | 17.3500 |
| 4/5/2006* | purchase | com stk | 1,400 | 17.5100 |
| 4/5/2006* | purchase | com stk | 300 | 17.5200 |
| 4/5/2006* | purchase | com stk | 300 | 17.5500 |
| 5/10/2006* | purchase | com stk | 300 | 16.2600 |
| 5/10/2006* | purchase | com stk | 1,200 | 16.2700 |
| 5/10/2006* | purchase | com stk | 500 | 16.2800 |
| 5/10/2006* | purchase. | com stk | 3,000 | 16.3000 |
| 5/10/2006* | purchase | com stk | 200 | 16.3500 |
| 5/10/2006* | purchase | com stk | 1,000 | 16.3900 |
| 5/10/2006* | purchase | com stk | 201 | 16.4000 |
| 5/10/2006* | purchase | com stk | 400 | 16.4100 |
| 5/10/2006* | purchase | com stk | 99 | 16.4200 |
| 5/10/2006* | purchase | com stk | 600 | 16.4300 |
| 5/10/2006* | purchase | com stk | 100 | 16.4400 |
| 5/10/2006* | purchase | com stk | 2,300 | 16.4700 |
| 5/10/2006* | purchase | com stk | 100 | 16.4800 |
| 12/12/2006 | sale | com stk | 500 | 4.2909 |
| 12/14/2006* | sale | com stk | 3,000 | 3.4600 |
| 12/14/2006* | sale | com stk | 6,100 | 3.4700 |
| 12/14/2006* | sale | com stk | 2,900 | 3.4800 |

* Indicates settlement date

## CERTIFICATION

I, (print name) _Alec Mc Mordie_ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.  Plaintiff has reviewed the Complaint, authorizes its filing, and retains Schiffrin Barroway Topaz & Kessler, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2.  Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.  Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4.  Plaintiff's purchase and sale transaction(s) in the **Nuvelo, Inc. (Nasdaq: NUVO)** security that is the subject of this action during the Class Period is/are as follows :

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price per share |
|---|---|---|---|---|---|
| see attached | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(Please list additional purchase and sale information on a separate sheet of paper, if necessary)

5.  Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.  During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:_____.

7.  Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _14 Th_ day of _February_, 200 _7_.

_____          _Alec McMordie_
Signature                          Print Name

**Alec McMordie**

### Schedule A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|------|------------------|--------------------|-----------------------|----------------------|
| 1/11/2006* | purchase | com stk | 2,000 | 12.9899 |
| 1/12/2006* | purchase | com stk | 2,000 | 13.1200 |
| 2/15/2006* | purchase | com stk | 1,000 | 17.0590 |
| 12/18/2006* | sale | com stk | 5,000 | 4.3900 |

* Indicates settlement date

## CERTIFICATION

I, (print name) _JOSEPH J. ESCHER_ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.     Plaintiff has reviewed the Complaint, authorizes its filing, and retains Schiffrin Barroway Topaz & Kessler, LLP and such co-counsel it deems appropriate to associate with, to pursue such action on a contingent fee basis.

2.     Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.     Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4.     Plaintiff's purchase and sale transaction(s) in the **Nuvelo, Inc. (Nasdaq: NUVO)** security that is the subject of this action during the Class Period is/are as follows :

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price per share |
|---|---|---|---|---|---|
| **see attached** | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(Please list additional purchase and sale information on a separate sheet of paper, if necessary)

5.     Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.     During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:____N/A____.

7.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _22_ day of _FEBRUARY_, 200_7_.

_Joseph Escher_
Signature

_JOSEPH J. ESCHER_
Print Name

**Joseph Escher**

### Schedule A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|------|------------------|--------------------|----------------------|---------------------|
| 9/25/2006 | purchase | com stk | 300 | 17.8573 |
| 9/25/2006 | purchase | com stk | 500 | 17.8183 |
| 9/25/2006 | purchase | com stk | 200 | 17.8527 |
| 9/28/2006* | purchase | com stk | 1,000 | 17.8090 |

* Indicates settlement date

# EXHIBIT B

Yahoo!  My Yahoo!  Mail                          Search:                                          Web Search

**YAHOO!** FINANCE    **Sign In**        Finance Home – Help
                      New User? Sign Up                                          Business Wire

**Welcome [Sign In]**                                    To track stocks & more, Register

**Financial News**

            Enter symbol(s)              Basic       -   Get   Symbol Lookup

**Press Release**                            Source: Lerach Coughlin Stoia Geller Rudman & Robbins LLP

# Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit Against Nuvelo, Inc.

Friday February 9, 7:46 pm ET

SAN DIEGO--(BUSINESS WIRE)--Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") (http://www.lerachlaw.com/cases/nuvelo/) today announced that a class action has been commenced on behalf of an institutional investor in the United States District Court for the Southern District of New York on behalf of purchasers of Nuvelo, Inc. ("Nuvelo") (NASDAQ:NUVO - News) publicly traded securities during the period between January 5, 2006 and December 8, 2006 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, William Lerach or Darren Robbins of Lerach Coughlin at 800/449-4900 or 619/231-1058, or via e-mail at wsl@lerachlaw.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.lerachlaw.com/cases/nuvelo/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges Nuvelo and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Nuvelo is a biopharmaceutical company engaged in the development and commercialization of acute cardiovascular and cancer therapies.

The complaint alleges that Nuvelo misrepresented its chances of obtaining Food and Drug Administration ("FDA") approval of a purported new blood clot dissolver, alfimeprase. The complaint alleges that despite the fact that 80% of Nuvelo's value was attributed to this drug, the Company's top officers concealed that their own clinical data demonstrated alfimeprase was ineffective in dissolving blood clots.

On December 14, 2005, the Company announced it had received a Special Protocol Assessment ("SPA") agreement from the FDA, claiming that the SPA would solidify the regulatory pathway to approval for alfimeprase. Defendants also stated their "power calculations" demonstrated alfimeprase's efficacy as a drug candidate. During a January 5, 2006 conference call, defendants confirmed they believed alfimeprase would reach the U.S. consumer market by 2008 and that alfimeprase would generate $500 million in annual sales in the U.S. alone. The complaint alleges Nuvelo's stock price surged on this news and remained inflated throughout the Class Period while Nuvelo issued and sold 7.5 million shares of its common stock in an underwritten offering on January 30, 2006, receiving over $119 million in proceeds.

Then on December 11, 2006, Nuvelo disclosed that alfimeprase had completely failed its clinical trials. During the conference call following the announcement, Nuvelo's CEO admitted that alfimeprase failed to perform better than placebos and that previously reported positive results were due to drug injections washing clots away rather than dissolving them. On this news the Company's stock fell 80%, erasing over $800 million in market capitalization.

According to the complaint, the true facts, which were known by each of the defendants but concealed from the investing public during the Class Period, were that: (i) Nuvelo had no reliable clinical data suggesting that alfimeprase "dissolved" blood clots when applied to them through a catheter, other than physically washing them away; (ii) Nuvelo had no "power calculations" suggesting alfimeprase would out-perform a placebo as required to demonstrate the efficacy the FDA would demand; and (iii) defendants knew the decision of Amgen, the drug's original developer,

to walk away in December 2004 was based on Amgen's educated suspicion (based on clinical data also known to defendants) that alfimeprase would likely not pass FDA muster and thus was not a commercially viable drug candidate.

Plaintiff seeks to recover damages on behalf of all purchasers of Nuvelo publicly traded securities during the Class Period (the "Class"). The plaintiff is represented by Lerach Coughlin, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Lerach Coughlin, a 180-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston, Philadelphia and Seattle, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. Lerach Coughlin lawyers have been responsible for more than $20 billion in aggregate recoveries. The Lerach Coughlin Web site (http://www.lerachlaw.com) has more information about the firm.


*Contact:*

```
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
William Lerach or Darren Robbins
800-449-4900 or 619-231-1058
wsl@lerachlaw.com
```

Source: Lerach Coughlin Stoia Geller Rudman & Robbins LLP

Copyright © 2007 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2007 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

# EXHIBIT C

## NUVELO, INC. ESTIMATED LOSSES

| PLAINTIFF | | PURCHASE TRANSACTIONS | | | | SALES TRANSACTIONS | | | | ESTIMATED LOSSES |
|---|---|---|---|---|---|---|---|---|---|---|
| | DATE | SHARES | SHARE PRICE | PURCHASE AMOUNT | DATE | SHARES | SHARE PRICE | SALES AMOUNT | |
| Charles Lidard | 3/16/2006 | 1,000 | 17.3500 | 17,350.00 | | | | | (15,204.55) |
| | 4/5/2006 (1) | 1,400 | 17.5100 | 24,514.00 (1) | 12/12/2006 | 500 | 4.2909 | 2,145.45 (2) | 24,896.00 |
| | 4/5/2006 (1) | 300 | 17.5200 | 5,256.00 | 12/14/2006 | 12,000 | 4.1175 | 49,410.00 (2) | (3,455.25) |
| | 4/5/2006 (1) | 300 | 17.5500 | 5,265.00 | Retained | 500 | 3.6015 | 1,800.75 (3) | (5,265.00) |
| | 5/10/2006 (1) | 300 | 16.2600 | 4,878.00 | | | | | (4,878.00) |
| | 5/10/2006 (1) | 1,200 | 16.2700 | 19,524.00 | | | | | (19,524.00) |
| | 5/10/2006 (1) | 500 | 16.2800 | 8,140.00 | | | | | (8,140.00) |
| | 5/10/2006 (1) | 3,000 | 16.3000 | 48,900.00 | | | | | (48,900.00) |
| | 5/10/2006 (1) | 200 | 16.3500 | 3,270.00 | | | | | (3,270.00) |
| | 5/10/2006 (1) | 1,000 | 16.3900 | 16,390.00 | | | | | (16,390.00) |
| | 5/10/2006 (1) | 201 | 16.4000 | 3,296.40 | | | | | (3,296.40) |
| | 5/10/2006 (1) | 400 | 16.4100 | 6,564.00 | | | | | (6,564.00) |
| | 5/10/2006 (1) | 99 | 16.4200 | 1,625.58 | | | | | (1,625.58) |
| | 5/10/2006 (1) | 600 | 16.4300 | 9,858.00 | | | | | (9,858.00) |
| | 5/10/2006 (1) | 100 | 16.4400 | 1,644.00 | | | | | (1,644.00) |
| | 5/10/2006 (1) | 2,300 | 16.4700 | 37,881.00 | | | | | (37,881.00) |
| | 5/10/2006 (1) | 100 | 16.4800 | 1,648.00 | | | | | (1,648.00) |
| | | 13,000 | | | | 13,000 | | | ($162,647.78) |
| Alec McMordie | 1/11/2006 (1) | 2,000 | 12.9899 | 25,979.80 (1) | 12/18/2006 | 5,000 | 4.3900 | 21,950.00 (2) | ($4,029.80) |
| | 1/12/2006 (1) | 2,000 | 13.1200 | 26,240.00 | | | | | ($26,240.00) |
| | 2/15/2006 (1) | 1,000 | 17.0590 | 17,059.00 | | | | | ($17,059.00) |
| | | 5,000 | | | | 5,000 | | | ($47,328.80) |
| Joseph Escher | 9/25/2006 | 300 | 17.8573 | 5,357.19 | Retained | 2,000 | 3.6015 | 7,203.00 (3) | $1,845.81 |
| | 9/25/2006 | 500 | 17.8183 | 8,909.15 | | | | | ($8,909.15) |

| | | | | | |
|---|---|---|---|---|---|
| 9/25/2006 | 200 | 17.8527 | 3,570.54 | | ($3,570.54) |
| 9/28/2006 | 1,000 | 17.8090 | 17,809.00 | | ($17,809.00) |
| (1) | 2,000 | | | 2,000 | ($28,442.88) |

**TOTAL FOR THE LIDARD GROUP** ($238,419.46)

**CLASS PERIOD: 1/5/06 - 12/8/06**

(1) Settlement Dates

(2) Pursuant to the PSLRA, shares sold during the 90-days after the end of the Class Period have been assigned the higher price of either the actual sales price as reflected on the Certification or the moving mean average price per share through the date of sale.

(3) For shares retained at the end of the Class Period, estimated losses are calculated by multiplying those shares by the moving mean average price per share of Nuvelo, Inc. during the 90-days after the end of the Class Period. The price used is 3.6015 for the period 12/9/06 - 3/8/07.

# EXHIBIT D



SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP
Attorneys at Law

PENNSYLVANIA OFFICE
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667.7706
Facsimile: (610) 667.7056

CALIFORNIA OFFICE
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945.0770
Facsimile: (925) 945.8792

## FIRM PROFILE

Schiffrin Barroway Topaz & Kessler, LLP, located just outside of Philadelphia, Pennsylvania, specializes in representing shareholders and consumers in complex class action litigation in state and federal courts throughout the United States. Since our inception, SBTK has recovered billions of dollars on behalf of defrauded shareholders and aggrieved consumers. The firm is led by its senior partners, Richard S. Schiffrin, Andrew L. Barroway, Marc A. Topaz, and David Kessler, with assistance from partners Stuart L. Berman, Katharine M. Ryan, Gregory M. Castaldo, Michael K. Yarnoff, Joseph H. Meltzer, Darren J. Check, Tobias L. Millrood, Andrew L. Zivitz, Sean M. Handler, John A. Kehoe, Lee D. Rudy, Kay E. Sickles, Eric L. Zagar and numerous experienced associates and staff.

SBTK focuses on the prosecution of securities fraud actions and derivative and transactional litigation brought against public companies, their officers and directors, and their auditors and investment banking firms. In addition, SBTK represents employees in ERISA/401 K actions, as well as individuals and institutions in consumer litigation, product liability and antitrust actions.

Throughout our history, SBTK has represented various private institutional investors, including public and Taft-Hartley pension funds, hedge funds, mutual fund managers, investment advisors, and insurance companies, as well as thousands of individual investors in securities fraud class actions. Currently, SBTK is serving as Lead or Co-Lead Counsel in several high profile securities class actions against companies such as Tyco, Delphi Corp., Tenet Healthcare, Sprint Corp. and PNC Bank. In addition, SBTK has played a prominent role in the following precedent setting actions:

**In re Tenet Healthcare Corp. Securities Litigation,**
**No. CV-02-8462-RSWL (Rx) (C.D. Cal. 2002)**

SBTK serves as co-lead counsel on behalf of the State of New Jersey and its Division of

Investment against Tenet Healthcare Corp. and certain of its former officers and directors. Among other things, the Lead Plaintiff alleges that defendants made a series of materially false or misleading statements and omissions concerning Tenet's business model and financial health from January 11, 2000 through November 7, 2002. After defeating defendants' motions to dismiss and performing substantial document and deposition discovery, a partial settlement has been reached in the amount of $216.5 million in cash which will be submitted for preliminary approval by the Court in the coming weeks. The Partial Settlement is being funded primarily by Tenet and its insurance carriers ($215 million), with personal contributions in the aggregate amount of $1.5 million being made by two of Tenet's former officers, Jeffrey Barbakow and Thomas Mackey. In addition to the substantial cash recovery, the prosecution of this action has played a prominent role in Tenet's initiation of sweeping corporate governance reforms which have led to Tenet being ranked by various institutional rating entities as among the best corporations in America for its corporate governance. The case will continue against KPMG as the Court denied KPMG's motion to dismiss the action in its entirety in December, 2005.

### In re AremisSoft Corp. Securities Litigation, C.A. No. 01-CV-2486 (D.N.J. 2002):

SBTK is particularly proud of the results achieved in this case before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom remain fugitives. In settling the action, SBTK, as sole Lead Counsel, assisted in reorganizing the Company as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, approved by the court, enabled the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained SBTK to further assist with prosecuting the actions on behalf of the litigation trust. After filing an action in the Isle of Man, where the trust successfully froze more than $200 million of stolen funds from one of the fugitives, the trust achieved a settlement of this action for $200 million, which was returned to the United States and paid to the trust. Recently, the trust commenced another action in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer. Thus far, counsel on behalf of the trust and its beneficiaries have achieved settlements with the Company and certain of its directors and officers as well as the Company's auditors, lawyer and underwriters for a total of more than $250 million. The beneficiaries of the trust have already received in excess of 28% of their recognized losses.

### In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):

SBTK is one of only six law firms comprising Plaintiffs' Counsel's Executive Committee, and was selected from over sixty law firms which had brought such actions. This litigation challenges the legality of the IPO allocations practices of virtually all of the major investment banking firms from 1998 through 2000, and encompasses over 300 coordinated actions.

# PARTNERS

**RICHARD S. SCHIFFRIN**, founding partner of the firm, is licensed to practice law in Illinois and Pennsylvania, and has been admitted to practice before numerous United States District Courts. In his seven years of practice with the Office of the Public Defender of Cook County, Illinois, Mr. Schiffrin represented hundreds of clients in both bench and jury trials, as well as appeals. Mr. Schiffrin has also taught legal writing and appellate advocacy at John Marshall Law School and has served as a faculty member at numerous legal seminars, including the Annual Institute on Securities Regulation, NERA: Finance, Law & Economics — Securities Litigation Seminar, the Tulane Corporate Law Institute, and the CityBar Center for CLE (NYC): Ethical Issues in the Practice of Securities Law.

Most recently, Mr. Schiffrin spoke at the MultiPensions 2005 Conference in Amsterdam, Netherlands; the Public Funds Symposium 2005 in Washington, D.C.; the European Pension Symposium in Florence, Italy; and the Pennsylvania Public Employees Retirement Summit (PAPERS) in Harrisburg, Pennsylvania. Mr. Schiffrin oversees all aspects of litigation on behalf of the firm. Mr. Schiffrin has been recognized for his expertise in numerous cases, including most prominently:

*In re AremisSoft Corp. Securities Litigation, C.A. No. 01-CV-2486 (D.N.J. 2002):*

SBTK is particularly proud of the results achieved in this case before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom remain fugitives. In settling the action, SBTK, as sole Lead Counsel, assisted in reorganizing the Company as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, approved by the court, enabled the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained SBTK to further assist with prosecuting the actions on behalf of the litigation trust.

After filing an action in the Isle of Man, where the trust successfully froze more than $200 million of stolen funds from one of the fugitives, the trust achieved a settlement of this action for $200 million, which was returned to the United States and paid to the trust. Recently, the trust commenced another action in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer.

Thus far, counsel on behalf of the trust and its beneficiaries have achieved settlements with the Company and certain of its directors and officers as well as the Company's auditors, lawyer and underwriters, for a total of more than $250 million. The beneficiaries of the trust have already received in excess of 28% of their recognized losses.

*Henry v. Sears, et al., Case No. 98 C 4110 (N.D. Ill. 1999):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel on behalf of the largest class of credit card holders in history. At stake was the right of Sears and its newly formed affiliate, Sears National Bank ("SNB"), to retroactively increase the interest rates on eleven million credit card accounts with outstanding balances resulting from purchases made prior to the accounts being transferred to SNB. Schiffrin Barroway Topaz & Kessler alleged that such conduct violated the Truth-in-Lending Act, the National Banking Act and state consumer fraud statutes. After extensively litigating various aspects of liability, an additional nine months were then spent determining damages. The extraordinary complexity of the damage calculations required Mr. Schiffrin and experts from both parties to develop, test and utilize a novel computer model to ascertain total damages for the class and individualized damages for each class member. Ultimately, Mr. Schiffrin and his partner, Mr. Kessler, were able to negotiate a $156 million settlement, which represented approximately 66% of total damages. In approving the settlement, District Court Judge Leinenwebber of the Northern District of Illinois stated:

. . . I am pleased to approve the settlement. I think it does the best that could be done under the circumstances on behalf of the class. . . . The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance.

The entire settlement fund of $156 million was distributed without the filing of a single proof of claim form by any class member.

*Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III*
*(Tenn. Chan. Ct., 20th Judicial District, 1999):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

*Jordan v. State Farm Insurance Company, Case No. 97 CH 11*
*(Cir. Ct., McLean County, Ill. 1998):*

Schiffrin Barroway Topaz & Kessler brought a claim on behalf of multiple plaintiffs alleging that State Farm had engaged in fraudulent sales practices by "churning" policies and marketing and selling "vanishing premium" policies that never "vanished." After several years of discovery, motion practice and settlement negotiations, Mr. Schiffrin played a critical role in

resolving the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders. Schiffrin Barroway Topaz & Kessler also has achieved substantial settlements in 20 additional cases alleging fraudulent sales practices by various insurance companies.

Mr. Schiffrin has also represented defrauded shareholders and companies in complex class and derivative actions, including the following:

*Huscher v. Curley, et al., No. 00 Civ. 21379 (Mich. Cir. Ct., 2000) (In re Sotheby's Holdings, Inc. Derivative Litigation):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action arising out of Sotheby's alleged antitrust price fixing conspiracy with auction house rival Christie's International PLC. A multi-million dollar settlement was negotiated by Mr. Schiffrin whereby Diana Brooks (Sotheby's President at the time of the alleged wrongdoing) agreed to relinquish all of her Sotheby's stock options, and the Company's insurance carrier made a substantial monetary payment to the Company. In addition, significant changes in the Company's top management and Board of Directors were achieved in conjunction with the settlement of the litigation.

**ANDREW L. BARROWAY**, managing partner of the firm, received his law degree from the University of Pennsylvania Law School, where he was a member of the ABA Negotiation team. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Barroway frequently lectures on securities class action and lead plaintiff issues, and recently spoke at the 2005 Institutional Investor Hedge Fund Workshop in New York City and the Public Funds Summit 2005 in Phoenix, Arizona. Mr. Barroway has been actively involved in all aspects of litigation on behalf of the firm, and co-manages the firm's securities department. Of his numerous successful representations of shareholders, the following stand out as exceptional:

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re Digital Lightwave, Inc. Securities Litigation, Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*

The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock

ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. Schiffrin Barroway Topaz & Kessler took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. Schiffrin Barroway Topaz & Kessler believes that this represents the largest percentage recovery for shareholders in securities class action history.

Mr. Barroway, along with his partner, Mr. Kessler, has also negotiated substantial settlements of securities class actions in which Schiffrin Barroway Topaz & Kessler was Lead or Co-Lead Counsel against Pinnacle Holdings, Cell Pathways, Gateway, Mercator and NetSolve. Mr. Barroway currently represents numerous public pension funds, private investment funds, money management firms, and individuals in securities fraud litigation as Lead or Co-Lead Counsel.

**MARC A. TOPAZ,** a senior partner of the firm, received his law degree from Temple University School of Law, where he was an editor of the Temple Law Review and a member of the Moot Court Honor Society. He also received his Master of Law (L.L.M.) in taxation from the New York University School of Law, where he served as an editor of the New York University Tax Law Review. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Topaz manages the firm's derivative, transactional and antitrust departments. In this regard, Mr. Topaz has been actively involved in litigating the following prominent cases:

*In re MTC Electronic Shareholder Litigation, No. CV-93-0876 (E.D.N.Y. 1993):*

Schiffrin Barroway Topaz & Kessler served as Co-Counsel in a case involving securities fraud by MTC, its officers and directors, underwriters and accountants. The case presented novel issues of Chinese law, and required the construction of a database of hundreds of thousands of documents utilized in numerous party and non-party depositions. A $72 million settlement was achieved on the eve of trial.

*In re Oppenheimer Capital, L.P., Unitholders Litigation, Consolidated No. 16022NC (Del. Ch. 1997):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs alleging that a merger proposed by Pimco Advisors benefitted certain Pimco insiders by disproportionately allocating tax benefits achieved from the restructuring of a limited partnership, and failing to provide adequate compensation to the Oppenheimer shareholders. Plaintiffs moved to enjoin the transaction and a settlement was reached whereby defendants agreed to pay a special dividend to Oppenheimer limited partners of approximately $16 million.

*Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III*
*(Tenn. Chan. Ct., 20th Judicial District, 1999):*

*(See description under Richard S. Schiffrin)*

**DAVID KESSLER,** a senior partner of the firm, graduated with distinction from the Emory School of Law. He is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Prior to practicing law, Mr. Kessler was a Certified Public Accountant in Pennsylvania. Mr. Kessler co-manages the firm's nationally recognized securities department and assists in the management of the mass tort department. In addition, Mr. Kessler often lectures on securities litigation and was a featured speaker on hot topics in securities litigation in a seminar entitled "The Explosion and Evolution of Class Action Law" in December 2004 in Philadelphia, Pennsylvania, and the Corporate Governance Summit on Corporate Accountability in July 2003 in New York City. Mr. Kessler has achieved the following outstanding results in federal securities cases:

*In re Initial Public Offering Securities Litigation,*
*Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):*

Mr. Kessler, along with Mr. Schiffrin, is presently heading up the firm's litigation efforts in its prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, Schiffrin Barroway Topaz & Kessler was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which company the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history. At the present time, the court has preliminarily approved a $1 billion settlement with the issuers and their officers and directors. The case is proceeding against the underwriting defendants.

*In re Assisted Living Concepts, Inc. Securities Litigation, Lead Case No. 99-167-AA (D. Or. 1999):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's startup losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

*In re Twinlab Corporation Securities Litigation, Master File*
*No. 98-CV-7425 (E.D.N.Y. 1998):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and successfully litigated the action and was able to negotiate a settlement in the amount of $26 million plus interest.

*In re Cumulus Media Inc. Securities Litigation, Lead Case
No. 00-C-391 (E.D. Wis. 2000):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and successfully litigated the
action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable
stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement
value of $17.5 million at the time the settlement was approved by the Court.

**STUART L. BERMAN**, a partner of the firm, received his law degree from George
Washington University National Law Center, and his undergraduate degree from Brandeis
University. He is licensed to practice law in Pennsylvania and New Jersey, and has been
admitted to practice before the United States District Court for the Eastern District of
Pennsylvania and the United States District Court for the District of New Jersey. Mr. Berman
manages the firm's lead plaintiff department and has been instrumental in courts appointing
many of the firm's institutional and individual clients as lead plaintiffs in important cases, such
as:

*In re Tenet Healthcare Corp. Securities Litigation, No. CV-02-8462- RSWL (C.D. Cal. 2002),*

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y.
2002), State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-
2071-JWL (D. Kan. 2003),*

*In re DreamWorks Animation SKG, Inc. Sec. Litig., CV-05-03966 MRP (VBKx) (C.D. Cal.
2005),*

*In re Delphi Corp. Sec. Litig., 1:05-CV-2637 (NRB) (S.D.N.Y. 2005);*

*In re Star Gas Sec. Litig., 3:04-CV-01766-JBA (D. Conn. 2004), Witriol v. Conexant Systems,
Inc., 04-CV-6219 (SRC/TJB) (D.N.J. 2004),*

*In re Vaxgen Inc. Securities Litigation, No. C 03-01129 JSW (N.D. Cal. 2003),*

*In re American Business Financial Services, Inc., No. 04- 0265 (E.D. Pa. 2004)*

*and In re Autobytel, Inc. Securities Litigation, No. CV04-8987 MMM (JWJx) (C.D. Cal. 2004).*

Mr. Berman represents institutional investors worldwide in securities litigation and other related
matters. In addition, Mr. Berman is a frequent speaker on securities issues, especially as they
relate to institutional investors, at The European Pension Symposium in Florence, Italy; the
Public Funds Symposium 2005 in Washington, D.C.; the *Pennsylvania Public Employees
Retirement (PAPERS) Summit* in Harrisburg, Pennsylvania; and the New England Pension
Summit in Newport, Rhode Island. He speaks with institutional investors located around the
world regarding their rights and obligations associated with securities fraud class actions and
individual actions. Mr. Berman works closely with the firm's institutional investors and counsels

them on fulfilling their fiduciary obligations and exercising their rights in all types of securities related actions.

Mr. Berman has specialized in the area of securities litigation for the past nine years. He is particularly proud of the results achieved in *In re AremisSoft Corp. Sec. Litig., C.A. No. 01-CV-2486 (D.N.J. 2002)*, a case on which Mr. Berman and his partner, Richard Schiffrin, have worked extensively. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom are now fugitives. In settling the action, Schiffrin Barroway Topaz & Kessler, as sole Lead Counsel, assisted in reorganizing AremisSoft as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was approved by the Court, called for the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The Court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained Schiffrin Barroway Topaz & Kessler to continue prosecuting the actions on behalf of the litigation trust. After extensive litigation in the Isle of Man, including the successful freezing of more than $200 million of stolen funds, the trust recently settled its action against one of the principal wrongdoers and recovered approximately $200 million. Thus far, the trust has distributed to beneficiaries of the trust more than 28% of their recognized losses (excluding the value of the equity of the new Company), and is poised to recover even more. Recently, the trust commenced further litigation in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer.

**KATHARINE M. RYAN,** a partner of the firm, graduated *cum laude* from Villanova University School of Law in May 1984. Ms. Ryan is admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Court of Appeals for the Third Circuit and the United States Supreme Court. Ms. Ryan recently participated as a speaker in a legal teleconference entitled "Is the PSLRA's Safe Harbor Provision Safe?" Ms. Ryan is actively involved in litigating several of the firm's most prominent cases and was integral in the excellent results achieved in the following cases:

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re New Power Holdings, Inc. Securities Litigation, No. 02 Civ. 1550 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in

obtaining a recovery of $41 million in cash for class members against a bankrupt company, certain of its officers and directors and the underwriters of the Company's offering. Claims involved New Power, an offshoot of Enron, that was formed to re-enter the deregulated energy market and pursued an IPO with no viable plan to hedge against volatile energy prices.

**GREGORY M. CASTALDO**, a partner of the firm, received his law degree from Loyola Law School, where he received the American Jurisprudence award in legal writing. He received his undergraduate degree from the Wharton School of Business at the University of Pennsylvania. He is licensed to practice law in Pennsylvania and New Jersey. Mr. Castaldo has been actively involved in litigating the following cases:

*In re Liberate Technologies Securities Litigation, No. C-02-5017 (MJJ) (N.D. Cal. 2005):*

Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earnings. As sole Lead Counsel, Schiffrin Barroway Topaz & Kessler successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

*In re Unigraphics Solutions Inc. Shareholders Litigation, Consol. C.A. No. 18916,*

Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $35 million for members of the class;

*In re Prodigy Communications Corp. Shareholders Litigation, Consol. C.A. No. 19113-NC,*

Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $36 million for members of the class; and

*In re Sodexho Marriott Shareholders Litigation, Consol. C.A. No. 18640-NC,*

Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $166 million for members of the class.

Mr. Castaldo is also presently litigating *In re Tenet Healthcare Corp. Securities Litigation, No. CV-02-8462-RSWL (C.D. Cal. 2002), and State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003).*

**MICHAEL K. YARNOFF**, a partner of the firm, received his law degree from Widener University School of Law. Mr. Yarnoff is licensed to practice law in Pennsylvania, New Jersey, and Delaware and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey. He serves in the firm's securities litigation department and has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following:

*In re CVS Corporation Securities Litigation, C.A. No. 01-11464 JLT (D.Mass.):*

After more than three years of contentious litigation and a series of protracted mediation sessions, Schiffrin Barroway Topaz & Kessler, LLP, serving as co-lead counsel, secured a $110 million recovery for class members in the CVS Securities Litigation. Specifically, the suit alleged that CVS violated accounting practices by delaying discounts on merchandise in an effort to prop up its earnings. In addition, the suit charged that in 2001, the Company and its Chief Executive Officer, Thomas M. Ryan, improperly delayed announcement of its intention to close approximately 200 underperforming stores, and that an industry-wide pharmacist shortage would have a materially negative impact on the Company's performance. Settlement was reached just days prior to the commencement of trial, and shortly after the district court had denied the defendants' motions for summary judgment. This substantial recovery, which represents the third-largest settlement in a securities class action case in the First Circuit, received final approval from District Judge Joseph Tauro on September 27, 2004.

*In re InfoSpace, Inc. Securities Litigation, Master File No. C-01-0913-Z (D. Wash. 2001):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs alleging that InfoSpace and certain of its officers and directors overstated revenues by using improper accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. After two years of hard-fought litigation and complex mediation, a settlement of $34.3 million was obtained for members of the class.

*In re Riverstone Networks, Inc. Securities Litigation, Case No. CV-02-3581 (N.D. Cal. 2002):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel on behalf of plaintiffs alleging that Riverstone and certain of its officers and directors sought to create the impression that the Company, despite the industry-wide downturn in the telecom sector, had the ability to prosper and succeed and was actually prospering. In that regard, plaintiffs alleged that defendants issued a series of false and misleading statements concerning the Company's financial condition, sales and prospects, and used inside information to personally profit. After extensive litigation, the parties entered into formal mediation with the Honorable Charles Legge (Ret.). Following five-months of mediation, the parties reached a settlement of $18.5 million.

**JOSEPH MELTZER,** a partner of the firm, received his law degree, with honors, from Temple University School of Law. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit.

Mr. Meltzer concentrates his practice in the areas of ERISA and antitrust complex litigation, and manages the firm's ERISA litigation department, which has excelled in the highly specialized area of prosecuting claims on behalf of retirement savings plans. Mr. Meltzer is Lead Counsel in several pending nationwide class actions brought under ERISA.

Mr. Meltzer has helped obtain several multi-million dollar settlements on behalf of class members, including the recent settlements in *In re Global Crossing ERISA Litigation, No. 02 Civ. 7453 (S.D.N.Y.)* ($79 million settlement) and In re Augmentin Antitrust Litigation, No. 02-442 (E.D. Va.) ($29 million settlement). Mr. Meltzer also prosecutes claims on behalf of third-party payors and consumers and is currently serving as Lead Counsel in *In re Remeron Antitrust Litigation, No. 02-CV-2007 (D.N.J.)* and In re *Wellbutrin SR/Zyban Antitrust Litigation (E.D. Pa.)*.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Meltzer practiced at Barrack, Rodos & Bacine in Philadelphia, where he had prominent roles in prosecuting several complex class actions to successful conclusions, including *In re Sorbates Direct Purchaser Antitrust Litigation, No. C 98-4886 (N.D. Cal. 2001)* ($92 million settlement) and also defended clients in antitrust and commercial litigation.

**ANDREW L. ZIVITZ**, a partner of the firm, received his law degree from Duke University School of Law, and received a Bachelor of Arts degree, with distinction, from the University of Michigan, Ann Arbor. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Zivitz practiced with the Philadelphia law firms of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and Drinker Biddle & Reath, LLP, where he litigated complex commercial and environmental matters.

Mr. Zivitz is admitted to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Zivitz concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in several of the largest class action securities cases currently pending nationwide. In addition, Mr. Zivitz has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following:

*In re Tenet Healthcare Corp., 02-CV-8462 (C.D.Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5
million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

*In re Computer Associates, No. 02-CV-1226 (E.D.N.Y.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Computer Associates and certain of its officers misrepresented the health of the company's business,
materially overstated the company's revenues, and engaged in illegal insider selling. After nearly

two years of litigation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement of $150 million from the company.

*In re Aon Corp., No. 02-CV-5631 (N.D. Ill.):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and was instrumental in obtaining a recovery of $7.25 million for class members against Aon Corp. and certain of its officers. Plaintiffs brought claims against the defendants on the grounds that they touted the prospects and successes of the company's multi-million dollar "Business Transformation Plan," when in fact they knew that the plan was damaging the company's business.

**DARREN J. CHECK**, a partner of the firm, received his law degree from Temple University School of Law and his undergraduate degree in History, with honors, from Franklin & Marshall College. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, and the United States District Court for the District of Colorado. Mr. Check concentrates his practice in the area of securities litigation and institutional investor relations. Mr. Check began his career at Schiffrin Barroway Topaz & Kessler by working extensively with partner David Kessler on *In re Initial Public Offering Securities Litigation, No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002)*, widely considered the largest securities class action in history. Mr. Check currently concentrates his work as the firm's Director of Institutional Relations, and consults with institutional investors from around the world regarding their rights and responsibilities with respect to their investments in the U.S. market, the monitoring of their investments, and taking an active role in shareholder litigation. Mr. Check regularly meets with institutional investors and speaks at conferences and seminars to discuss class actions, corporate governance, and how Schiffrin Barroway Topaz & Kessler's services can be of use to them. Recently, Mr. Check spoke at the MultiPensions 2005 Conference in Amsterdam, Netherlands; the European Pension Symposium in Florence, Italy; the Public Funds Summit 2005 in Phoenix, Arizona; the Pennsylvania Public Employees Retirement (PAPERS) Summit in Harrisburg, Pennsylvania; and the New England Pension Summit in Newport, Rhode Island.

In addition, Mr. Check serves in the firm's lead plaintiff department, which involves litigation strategy and lead plaintiff issues.

**TOBIAS MILLROOD**, a partner of the firm, manages the mass tort department at Schiffrin Barroway Topaz & Kessler. Mr. Millrood has been actively involved in mass tort litigation involving Prempro (Hormone Therapy), Guidant Cardiac Devices, Medtronic Cardiac Devices, Vioxx, Fen-Phen, Baycol, Meridia, Thimerosal, Ephedra and Zyprexa.

Mr. Millrood has been distinguished with leadership roles in several national products liability actions. Mr. Millrood currently serves as Liaison Counsel in In Re Hormone Therapy Litigation, Philadelphia Court of Common Pleas. Mr. Millrood also serves on the Plaintiffs' Steering Committee in MDL 1507 – In Re Prempro Products Liability and is Chair of the Association of Trial Lawyers of America (ATLA) Hormone Therapy Litigation Group. Mr. Millrood served as

a Co-Chair of the Expert Committee in *In Re Baycol Litigation, Philadelphia Court of Common Pleas.* In Meridia, Mr. Millrood is Co-Chair of the ATLA Meridia Litigation Group. He also served on the Executive Committee of MDL 1481, In re Meridia Products Liability. In Thimerosal, Mr. Millrood serves on the Executive Committee of the Omnibus Autism Proceedings before the National Vaccine Injury Compensation Program. In August 2003, Mr. Millrood's article on Hormone Therapy was published in Trial magazine. Mr. Millrood speaks frequently at various seminars, on the topics of Mass Tort Litigation, Hormone Therapy, Cardiac Device Litigation, Meridia, the Ethics of Settling Mass Tort Cases and Electronic Discovery. Mr. Millrood has helped his clients to achieve millions of dollars in settlement of their product liability claims.

Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Mr. Millrood practiced at Anapol Schwartz. While at Anapol Schwartz, Mr. Millrood garnered several notable achievements, including serving as co-counsel in a $22 million medical malpractice verdict in Wallace v. Fraider (Phila. CCP Mar. 2001), one of the highest in state history. He also wrote and argued cases resulting in significant changes to Pennsylvania law: *Cullen v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n, 760 A.2d 1198 (Pa. Commw. 2000)* (Pennsylvania workers' compensation carrier could not assert a subrogated claim for benefits that its insured's employee was precluded from recovering in settlement of a related medical malpractice claim); and Estate of Magette v. Goodman, 2001 WL 218981 (Pa. Super. 2001) (failure to retain evidence of EKG strip during orthopedic surgery that resulted in death of patient required new trial where court failed to give jury adverse inference instruction).

Mr. Millrood received his law degree from University of Tulsa College of Law. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit. Mr. Millrood is a former member of the Pennsylvania Trial Lawyers Board of Governors and the Executive Committee of the Philadelphia Bar Association Young Lawyers' Division.

**SEAN M. HANDLER**, a partner of the firm, received his law degree, cum laude, from Temple University School of Law. Mr. Handler received his undergraduate degree from Colby College, with distinction in American Studies. He is licensed to practice law in Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Handler practiced at Reed Smith, LLP in Philadelphia. Mr. Handler concentrates his practice in the area of securities litigation, and serves in the firm's lead plaintiff department, which involves working with clients, litigation strategy and lead plaintiff issues. In this role, Mr. Handler has assisted partner Stuart Berman in enabling various of the firm's institutional and individual clients to serve as lead plaintiffs in important cases, such as *In re Tenet Healthcare Corp. Securities Litigation, No. CV-02-8462-RSWL (C.D. Cal. 2002), In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002), State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003), In re Ariba Inc. Securities Litigation, Master File No. 03-00277 JF (N.D. Cal. 2003), and In re Autobytel, Inc. Securities Litigation, No. CV04-8987 MMM (JWJx)(C.D. Cal. 2004).*

**JOHN A. KEHOE**, a partner of the firm, received a B.A. from Depaul University, and a Master's degree in Public Administration from the University of Vermont. He received his J.D., magna cum laude, from Syracuse University College of Law in 1997, where he was an Associate Editor of the Syracuse Law Review, an Associate Member of the Moot Court Board, and an alternate member on the National Appellate Team. Mr. Kehoe is licensed to practice law in the State of New York, and has been admitted to practice before the United States District Court for the Southern District of New York.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Kehoe had extensive securities litigation experience as an associate at Bernstein, Litowitz, Berger & Grossman, LLP, and prior to that, at Clifford Chance US LLP. Before attending law school, Mr. Kehoe worked as a police officer in Burlington and Brattleboro, Vermont, and served as the lead investigator in numerous felony and misdemeanor complaints. Mr. Kehoe concentrates his practice in the area of securities litigation, and has worked extensively with partner David Kessler on In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002), currently pending in the Southern District of New York.

**LEE D. RUDY**, a partner of the firm, received his law degree from Fordham University in 1996. In law school he was a senior editor of the Fordham Urban Law Journal and published *A Procedural Approach to Limited Dispute Forum Cases*, 22 Ford. Urb. L.J. 1255 (1995). He received his undergraduate degree, *cum laude*, from the University of Pennsylvania in 1992. Mr. Rudy is licensed to practice law in Pennsylvania and New York. From 1996 to 2002, Mr. Rudy was an Assistant District Attorney in the Manhattan District Attorney's Office, where he prosecuted dozens of felony jury trials to verdict, including robbery, rape, and murder cases. From 2003 to 2005, Mr. Rudy was an Assistant United States Attorney in the District of New Jersey, where he investigated and prosecuted numerous fraud and violent crime cases, and where he tried several major fraud cases to verdict in federal court. Mr. Rudy co-manages the firm's mergers and acquisition and shareholder derivative litigation department along with Marc Topaz and Eric Zagar.

**KAY E. SICKLES**, a partner of the firm, received her law degree from the University of Pennsylvania School of Law. She received her undergraduate degree from Colgate University, graduating, *with honors,* from the History department. Prior to joining the firm, Ms. Sickles was an associate with Sandals & Langer, LLP, where she litigated complex class actions arising out of violations of the ERISA and antitrust statutes. She is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Ms. Sickles concentrates her practice in the area of securities litigation and specializes in settlement matters.

**ERIC L. ZAGAR**, a partner of the firm, received his law degree from the University of Michigan Law School, *cum laude*, where he was an Associate Editor of the Michigan Law Review. He has practiced law in Pennsylvania since 1995, and previously served as a law clerk

to Justice Sandra Schultz Newman of the Pennsylvania Supreme Court. He is admitted to practice in Pennsylvania.

Mr. Zagar concentrates his practice in the area of shareholder derivative litigation. Mr. Zagar has served as Lead or Co-Lead counsel in numerous derivative actions in courts throughout the nation, including *David v. Wolfen,* Case No. 01- CC-03930 (Orange County, CA) (Broadcom Corp. Derivative Action); *In re PolyMedica Corporation Shareholder Derivative Litigation,* Case No. 01-3446 (Middlesex County, MA); *In Re Dynacq Int'l. Shareholder Derivative Litigation,* Case No. 2002- 07135 (Harris County, TX); and *Castillo v. Cavallaro, et al.,* Case No. A467663 (Clark County, NV) (Station Casinos, Inc. Class and Derivative Action). Mr. Zagar has successfully achieved significant monetary and corporate governance relief for the benefit of shareholders, and has extensive experience litigating matters involving Special Litigation Committees.

# ASSOCIATES AND OTHER PROFESSIONALS

**JULES D. ALBERT**, an associate of the firm, received his J.D. in 2005 from the University of Pennsylvania Law School, where he was a Senior Editor of the University of Pennsylvania Journal of Labor and Employment Law and recipient of the James Wilson Fellowship. Mr. Albert also received a Certificate of Study in Business and Public Policy from The Wharton School at the University of Pennsylvania. Mr. Albert graduated Magna Cum Laude with a Bachelor of Arts in Political Science from Emory University. Mr. Albert is licensed to practice law in Pennsylvania, and concentrates his practice in the Mergers and Acquisitions and Stockholders' Derivative Actions department.

**KATIE L. ANDERSON**, an associate of the firm, received her law degree from Widener University School of Law in 2002. She received her undergraduate degree from the University of Pittsburgh in 1999. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Anderson served as a Deputy Attorney General for the Pennsylvania Office of Attorney General, Bureau of Consumer Protection, where she was responsible for enforcing a wide range of consumer oriented laws.

Ms. Anderson is licensed to practice law in Pennsylvania and is admitted to practice in the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of mass tort litigation.

**MICHELLE M. BACKES,** an associate of the firm, received her law degree from Villanova University School of Law. Ms. Backes received her undergraduate degrees in Finance and Art History from Loyola College in Maryland in 2002. Ms. Backes is licensed to practice law in Pennsylvania and New Jersey. She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the area of securities litigation.

**IAN D. BERG**, an associate of the firm, received his J.D. and B.A. from Northwestern University. Mr. Berg concentrates his practice in the area of securities litigation and he plays a significant role in investigating and evaluating potential cases, including proprietary claims and direct actions on behalf of institutional clients. Prior to joining Schiffrin, Barroway, Topaz & Kessler, Mr. Berg primarily practiced in the areas of commercial litigation and land use on behalf of corporations and real estate investment trusts. He is licensed to practice law in Pennsylvania and Illinois.

**ROBERT W. BIELA**, an associate of the firm, received his law degree from the Penn State Dickinson School of Law, where he served on the editorial board of the Environmental Law and Policy Journal. Mr. Biela received his undergraduate degree from West Chester University. Prior to joining the firm, Mr. Biela was an associate at Mager White and Goldstein, LLP, where he practiced in the areas of complex commercial litigation and securities litigation. Mr. Biela is licensed to practice in Pennsylvania, and focuses his practice in the area of securities litigation.

**KATHERINE B. BORNSTEIN**, an associate of the firm, received her law degree from Emory University School of Law. Ms. Bornstein received her undergraduate degree from the University of Maryland. She is licensed to practice law in Pennsylvania and Maryland. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Bornstein was an associate at Provost & Umphrey Law Firm, LLP, where she worked on a number of complex litigation issues. Ms. Bornstein concentrates her practice at Schiffrin Barroway Topaz & Kessler in the areas of ERISA, antitrust and consumer protection.

**TREVAN BORUM**, an associate of the firm, received a B.A. from Wake Forest University in 1987 and his J.D. from Widener University Law School in 1992. He is licensed to practice law in Pennsylvania and has been admitted to practice before the United States District Court for The Eastern District of Pennsylvania.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Borum practiced criminal defense at a firm in Philadelphia also served as an Assistant District Attorney in Philadelphia in the Homicide Unit for ten years. At Schiffrin Barroway Topaz & Kessler, Mr. Borum concentrates his practice in mergers and acquisition litigation.

**JONATHAN R. CAGAN**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Cagan received his undergraduate degree, cum laude, from Temple University. Mr. Cagan is licensed to practice law in New Jersey, and is admitted to the Third Circuit Court of Appeals. Mr. Cagan concentrates his practice in the area of securities litigation and specializes in discovery matters.

**EDWARD W. CIOLKO**, an associate of the firm, received his law degree from Georgetown University Law Center, and an MBA from the Yale School of Management. Prior to joining the firm, he served as an Attorney Advisor to Commissioner Sheila F. Anthony at the Federal Trade Commission. He is licensed to practice law in the State of New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey. Mr. Ciolko concentrates his practice in the areas of antitrust, ERISA, and consumer protection.

**ALISON K. CLARK**, an associate of the firm, received her law degree, cum laude, from Boston University School of Law, and received her undergraduate degree in Political Science, with honors, from Lehigh University. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Clark was an attorney with a Fairfield County, Connecticut law firm, where she practiced in the areas of civil and commercial litigation, and real estate transactions.

Ms. Clark is licensed to practice law in Connecticut, and has been admitted to practice before the United States District Court for the District of Connecticut. Ms. Clark concentrates her practice in the areas of Mergers and Acquisitions and Stockholders' Derivative Actions department.

**STEPHEN E. CONNOLLY**, an associate of the firm, received his law degree from Villanova University School of Law, and is a graduate of The Pennsylvania State University. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Connolly was an associate at a Philadelphia firm where he practiced in the areas of complex litigation, securities and antitrust litigation. Mr. Connolly is licensed to practice law in Pennsylvania, and concentrates his practice in the area of securities litigation.

**MARK S. DANEK**, an associate of the firm, received his undergraduate degree in Architecture from Temple University in 1996, and his law degree from Duquesne University School of Law in 1999. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Danek was employed as in-house counsel of a real estate investment trust corporation that specialized in the collection of delinquent property tax receivables. He is licensed to practice law in the Commonwealth of Pennsylvania and has been admitted to practice before the Courts of the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the Supreme Court of the United States of America. Mr. Danek concentrates his practice in the area of securities litigation.

**BRADLEY A. DIRKS**, an associate of the firm, received his J.D. from The University of Akron School of Law and a B.A. in Journalism and Political Science, *cum laude*, from the University of Wisconsin. He is a member of the State Bar of New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Dirks worked for an Atlantic City, New Jersey-based law firm where he focused on administrative law and regulatory issues in the casino gaming industry. Mr. Dirks concentrates his practice in the area of Mergers and Acquisitions and Stockholders' Derivative Actions department.

**JENNIFER L. ENCK,** an associate of the firm, received her law degree, *cum laude*, from Syracuse University College of Law in 2003 and her undergraduate degree in International Politics from The Pennsylvania State University in 1999. Ms. Enck also received a Masters degree in International Relations from Syracuse University's Maxwell School of Citizenship and Public Affairs. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Enck was an associate with Spector, Roseman & Kodroff, P.C. in Philadelphia, where she worked on a number of complex antitrust, securities and consumer protection cases.

Ms. Enck is licensed to practice law in Pennsylvania. She concentrates her practice in the areas of securities litigation and settlement matters.

**ROBERT J. GRAY,** an associate of the firm, received his law degree from the Temple University School of Law. Mr. Gray received Bachelor of Sciences degree from La Salle University with a dual major of Accounting and Finance. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Gray was an associate at Philadelphia boutique litigation firm practicing in the areas of complex commercial litigation and corporate transactions. Mr. Gray also worked as in-house counsel for a small, publicly-traded holding company.

Prior to beginning his law career, Mr. Gray worked as a forensic accountant for six years, conducting a variety of investigations for numerous governmental agencies and law firms. He received his C.P.A. license in 1997.

Mr. Gray is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. He concentrates his practice in the area consumer protection.

**JOHN GROSS,** an associate of the firm, received his law degree from Widener School of Law, and his undergraduate degree from Temple University. Mr. Gross is licensed to practice law in Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Gross was an insurance defense litigation associate at a large, Philadelphia based firm. Mr. Gross now concentrates his practice in the areas of securities litigation, antitrust litigation and shareholder derivative actions.

**MARK K. GYANDOH,** an associate of the firm, received his undergraduate degree from Haverford College and his law degree from Temple University School of Law. During law school Mr. Gyandoh served as the research editor for the Temple International and Comparative Law Journal and published Foreign Evidence Gathering: What Obstacles Stand in the Way of Justice?, 15 Temp. Int'l & Comp. L.J. (2001). Mr. Gyandoh also served as Co-President of the International Law Society and Editor of the group's monthly newsletter. Mr. Gyandoh is licensed to practice in New Jersey and Pennsylvania. Prior to joining Schiffrin and Barroway, Mr. Gyandoh was an associate at Gerolamo, McNulty, Divis & Lewbart. Prior to that, Mr. Gyandoh served as a judicial clerk for the Honorable Dennis Braithwaite of the Superior Court of New Jersey Appellate Division. Recently, in March 2004, Mr. Gyandoh participated in a conference in Prague, Czech Republic, titled Redefining Europe, where he presented a paper titled Incorporating the Principle of Co-Equal Branches into the European Constitution: Lessons to be Learned from the United States. The paper was published in a book of selected papers from the conference titled Redefining Europe. Mr. Gyandoh concentrates his practice with Schiffrin Barroway Topaz & Kessler in the area of ERISA, antitrust and consumer protection.

**BENJAMIN J. HINERFELD** is an associate at the firm, and concentrates his work in securities litigation. In 1996, he graduated from the University of Pittsburgh School of Law, where he served as Lead Note and Comment Editor of the *Journal of Law and Commerce*. From 1996 to 1997, he clerked for the Hon. Sandra Schultz Newman of the Supreme Court of Pennsylvania. Prior to joining SBTK, Mr. Hinerfeld worked in a securities litigation firm in Wilmington,

Delaware.

From 2000 to 2003, Mr. Hinerfeld was a writing consultant with the Undergraduate Writing Center at the University of Texas at Austin.  During that time he also co-authored, with Dr. Sarah Jane Rehnborg and Catherine Fallon, "Investing in Volunteerism: The Impact of Service Initiatives in Selected Texas State Agencies" a report prepared by The RGK Center for Philanthropy and Community Service, LBJ School of Public Affairs.  He received his bachelor's degree from Vassar College and a master's degree in American History from the University of Texas at Austin.

Mr. Hinerfeld is licensed to practice law in Pennsylvania.

**MICHAEL J. HYNES**, an associate of the firm, received his law degree from Temple University School of Law, and is a graduate of Franklin and Marshall College. Mr. Hynes is licensed to practice law in Pennsylvania, New Jersey and Montana, and has been admitted to practice in the United States Court of Appeals for the Ninth Circuit, and the United States District Courts for the Eastern and Middle Districts of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Hynes practiced law at Cozen O'Connor, where he concentrated on bankruptcy and commercial litigation. He was an attorney with the Defenders' Association of Philadelphia from 1991 to 1996, where he defended thousands of misdemeanor and felony cases. At Schiffrin Barroway Topaz & Kessler, Mr. Hynes concentrates his practice in the areas of securities litigation and shareholder derivative litigation.

**D. SEAMUS KASKELA,** an associate of the firm, received his law degree from Rutgers School of Law – Camden, and received his undergraduate degree in Sociology from Saint Joseph's University. Prior to graduating from law school and joining Schiffrin Barroway Topaz & Kessler, LLP, Mr. Kaskela was a law clerk with a large Philadelphia law firm, where he worked in the complex civil litigation department. Mr. Kaskela is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania (pending) and the United States District Court for the District of New Jersey. Mr. Kaskela works in the firm's case development department.

**TARA P. KAO**, an associate of the firm, received her J.D. in 2006 from Villanova University School of Law, where she was a Managing Editor of Student Works for the Villanova Law Review. Ms. Kao received her Bachelor of Science in Business/Finance, *cum laude*, from Carnegie Mellon University.  Ms. Kao is licensed to practice law in Pennsylvania, and concentrates her practice in the area of Mergers and Acquisitions and Stockholders' Derivative Actions department.

**JENNIFER L. KEENEY**, an associate of the firm, received her law degree, *cum laude*, from Temple University Beasley School of Law, and her undergraduate degree in History, with honors, from Washington University in St. Louis in 2003.  Ms. Keeney is licensed to practice in Pennsylvania.  She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the area of securities litigation.

**HAL J. KLEINMAN**, an associate of the firm, received his law degree from The John Marshall Law School, and his undergraduate degree from Ithaca College. Mr. Kleinman is licensed in Illinois and Pennsylvania, and has been admitted to practice before the United States District Court for the Northern District of Illinois, the United States District Court for the Eastern District of Pennsylvania, the Court of Appeals for the Seventh Circuit, the Court of Appeals for the Third Circuit, and the United States Court of Claims.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Kleinman practiced law in Chicago, where his practice concentrated in the area of Complex Litigation, Mass *Torts and Class Actions. Mr. Kleinman was a member of the law and briefing committee that successfully obtained class certification in In re Hartmarx Securities Litigation, Case No. 01 C 7832 (N.D. Ill.).* In addition, he was appointed to the Class Counsel Management Committee in *Cress, et al. v. Sara Lee Corporation, Case No. 98 L 15072 (Cir. Ct., Cook County, Ill.).* For his work in this matter, Mr. Kleinman was asked to be a guest lecturer at the University of Chicago Law School's Class Action Controversies Seminar and to discuss the Sara Lee litigation. He also was responsible for representing hundreds of clients in various Mass Torts, including MDL-1431, *In re Baycol Products Liability Litigation; MDL-1373, In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation; MDL-1203, In re Diet Drugs (Phentermine/ Fenfluramine/Dexfenfluramine) Products Liability Litigation; and MDL-926, In re Silicone Gel Breast Implants Product Liability Litigation.* Mr. Kleinman concentrates his practice in the area of Mass Torts.

**ERIC LECHTZIN**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Lechtzin received his undergraduate degree in Political Science and Economics, magna cum laude, from Temple University, where he received Phi Beta Kappa honors. Mr. Lechtzin is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Lechtzin was an associate with the firm of Grant & Eisenhofer, P.A., where his practice was concentrated in federal securities class actions and corporate governance litigation. Mr. Lechtzin spent the first ten years of his career at two large Philadelphia law firms where he represented corporate and public sector clients in a wide range of complex commercial litigation, including toxic torts, labor and employment, insurance, and environmental law. Mr. Lechtzin has extensive trial experience and has argued appeals before the Supreme Court of Pennsylvania and other appellate courts. Mr. Lechtzin concentrates his practice with Schiffrin Barroway Topaz & Kessler in the area of securities class action litigation.

**LISA MELLAS**, an associate of the firm, received her law degree from the University of Florida College of Law and her undergraduate degree from the University of Florida. Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Ms. Mellas was an associate at White and Williams, LLP, where she practiced in the Property Department. Ms. Mellas is licensed to practice in New York, New Jersey and Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Western District of Pennsylvania, and the District of New Jersey. She concentrates her practice at Schiffrin Barroway Topaz and Kessler in the area of consumer protection and ERISA.

**JAMES A. MARO, JR.,** an associate of the firm, received his law degree from the Villanova University School of Law in 2000. He received a B.A. in Political Science from the Johns Hopkins University in 1997. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Maro was an attorney at a Montgomery County law firm, where he practiced in the areas of civil and commercial litigation.

Mr. Maro is licensed to practice law in Pennsylvania and New Jersey and is admitted to practice in the United States District Court for the Eastern District of Pennsylvania. He concentrates his practice in the area of Mergers and Acquisitions and Stockholders' Derivative Actions department.

**RICHARD A. MANISKAS,** an associate of the firm, received his law degree from Widener University School of Law, and received his undergraduate degree from the University of Pittsburgh. While in law school, Mr. Maniskas served as Internal Editor of the Widener Journal of Public Law. He is licensed to practice law in Pennsylvania and the District of Columbia, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Maniskas works in the firm's case development department.

**JAMES H. MILLER,** an associate of the firm, received his J.D. in 2005 from Villanova University School of Law, where he was enrolled in Villanova University's J.D./M.B.A. program. Mr. Miller received his Master of Business Administration from Villanova University in 2005, and received his Bachelor of Chemical Engineering from Villanova University in 2002. Mr. Miller is licensed to practice law in Pennsylvania and concentrates his practice in the areas of Mergers & Acquisitions and Stockholders' Derivative Actions.

**CASANDRA A. MURPHY,** an associate of the firm, received her law degree from Widener University School of Law in 1998. She received her undergraduate degree from Gettysburg College in 1995. Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Ms. Murphy was an associate at Post & Schell, P.C. where she practiced general casualty litigation. Ms. Murphy is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United State District Court for the Eastern District of Pennsylvania. Ms. Murphy has lectured for the Pennsylvania Bar Institute and the Philadelphia Judicial Conference. She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the areas of consumer protection, ERISA, pharmaceutical pricing and antitrust.

**CHRISTOPHER L. NELSON,** an associate of the firm, received his law degree from Duke University School of Law, and his undergraduate degree in Business, Economics, and the Law from Washington University in St. Louis. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Nelson practiced with the Philadelphia law firm of Berger & Montague, P.C., where he was a securities litigator.

Mr. Nelson is admitted to practice law in the Commonwealth of Pennsylvania, the Supreme Court of the United States, the United States Court of Appeals for the Fourth, Fifth and Ninth Circuits, and the United States District Court for the Eastern District of Pennsylvania.

Mr. Nelson concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in numerous pending nationwide class action securities cases.

**NICHOLAS S. PULLEN**, an associate of the firm, received his law degree, cum laude, from the Georgetown University Law Center in 2000. Upon graduation, Mr. Pullen worked at two prominent Philadelphia law firms. In 2003, he joined the administration of Governor Edward G. Rendell, where he served as Chief Counsel to the Pennsylvania Commission on Crime and Delinquency. Most recently, Mr. Pullen served as campaign manager for the Jim Eisenhower for Attorney General Campaign. He is licensed to practice law in Pennsylvania, and has been admitted to practice in the United States District Court for the District of Colorado. Mr. Pullen serves in the firm's Institutional Relations department.

**KAREN E. REILLY**, an associate of the firm, received her law degree from Pace University School of Law, where she was a member of the Moot Court Board and National Moot Court Team. Ms. Reilly received her undergraduate degree from the State University of New York College at Purchase. She is licensed to practice law in Pennsylvania, New Jersey, New York, Connecticut and Rhode Island, and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania, District of New Jersey, Southern and Eastern Districts of New York, and the District of Connecticut. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Reilly practiced at Pelino & Lentz, P.C., in Philadelphia, where she litigated a broad range of complex commercial cases. Ms. Reilly concentrates her practice in the area of securities litigation.

**STEVEN D. RESNICK**, an associate of the firm, received his law degree from The Dickinson School of Law of The Pennsylvania State University, and his undergraduate degree, *cum laude*, from West Chester University. Mr. Resnick is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, the United States District Court for the District of New Jersey and the United States District Court for the District of Nebraska. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Resnick was an associate at the firm of German, Gallagher & Murtagh, where his practice concentrated in the defense of medical malpractice, products liability and premises liability. Mr. Resnick now concentrates his practice in the area of mass tort litigation.

**EMANUEL SHACHMUROVE**, an associate of the firm, received his law degree from The University of Michigan Law School, where he was an Associate Editor of the Michigan Journal of Law Reform. Mr. Shachmurove received his Bachelor of Science in Economics, *cum laude*, from The Wharton School at the University of Pennsylvania, where he was a Joseph Wharton Scholar.

**BHARATI O. SHARMA**, an associate of the firm, received her law degree from the American University Washington College of Law, a Master of Public Administration from The George Washington University, and her undergraduate degree from the University of Pittsburgh. Ms. Sharma is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey.

Ms. Sharma is a former judicial law clerk to the Honorable Stephen Skillman, Superior Court of New Jersey, Appellate Division, and a former member of American University's International Law Review. She is the founder and current President of the South Asian Bar Association of Philadelphia. Ms. Sharma also serves on the Executive Committees of the North American South Asian Bar Association and the Philadelphia Bar Association Young Lawyer's Division.

Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Sharma practiced complex civil litigation at a Philadelphia law firm. She now concentrates her practice in the areas of pharmaceutical and product liability litigation.

**BENJAMIN J. SWEET**, an associate of the firm, received his juris doctor from The Dickinson School of Law, and his BA, *cum laude*, from the University Scholars Program of The Pennsylvania State University. While in law school, Mr. Sweet served as Articles Editor of the *Dickinson Law Review*, and was also awarded Best Oral Advocate in the ATLA Junior Mock Trial Competition.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Sweet practiced in the Pittsburgh office of Reed Smith LLP, where he specialized in complex civil litigation. While at Reed Smith, Mr. Sweet co-authored *Assignability of Non-Compete Covenants*, 74 Pa. Bar. Q. 64 (April 2003). Mr. Sweet is licensed to practice law in the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the United States Court of Appeals for the Ninth Circuit. Mr. Sweet concentrates his practice in the area of securities litigation and has helped obtain several multi-million dollar settlements on behalf of class members in several nationwide federal securities class actions, including *In re CVS Pharmacy, Inc. Secs. Litig.*, No. 01-11464 (D.Mass. 2005) ($110 million recovery for Class members), *In re Zomax Inc. Secs. Litig.*, No. 04-cv-1155 (D.Minn. 2005) (multi-million dollar cash and stock recovery for Class members), *In re Flextronics Int'l Ltd. Secs. Litig.*, No. 03-cv-2102 (N.D. Cal. 2004) ($4.25 million recovery for Class members) and *In re Black Box Corp. Secs. Litig.*, No. 03-cv-412 (W.D. Pa. 2004) (multi-million dollar recovery for Class Members). Mr. Sweet is currently Lead or Co-Lead Counsel in several pending nationwide class action securities cases, including *In re Tyco Int'l Ltd. Secs. Litig.*, MDL Docket No. 02-1335-B (D.N.H.) and *In re PNC Financial Services Group, Inc. Secs. Litig.*, No. 02cv271 (W.D. Pa.).

**NICOLETTE TROPIANO**, an associate of the firm, received her law degree from Temple University School of Law.  Ms. Tropiano received her undergraduate degree in Economics and Business Administration with a concentration in Accounting and Finance from Ursinus College in 2001.  Ms. Tropiano is licensed to practice in Pennsylvania.  She concentrates her practice in the area of securities litigation, and serves in the firm's lead plaintiff department which involves working with clients, litigation strategy and lead plaintiff issues.

**MICHAEL C. WAGNER**, is an associate of the firm. He received his undergraduate degree in Government from Franklin & Marshall College, and his law degree from the University of Pittsburgh School of Law in 1996. Mr. Wagner is licensed to practice law in Pennsylvania, and he has been admitted to practice in the United States Court of Appeals for the Third Circuit, and United States District Courts in for the Eastern and Western Districts of Pennsylvania, for the Eastern District of Michigan, and for the District of Colorado.

Before joining Schiffrin Barroway Topaz & Kessler, Mr. Wagner worked at Rubin, Fortunato & Harbison, a boutique law firm in Paoli, PA, representing Fortune 100 corporations, as well as individuals and small businesses, in employment matters across the country. Mr. Wagner earlier worked for several years at Spector, Gadon & Rosen, in Philadelphia, concentrating his practice in complex commercial and corporate litigation. At Schiffrin Barroway Topaz & Kessler, Mr. Wagner focuses his practice in the areas of securities litigation and shareholders' derivative litigation.

**JOSEPH A. WEEDEN**, an associate of the firm, received his law degree from the University of North Carolina School of Law, where he received the Gressman-Politt Award for outstanding oral advocacy. Mr. Weeden also received his undergraduate degree from the University of North Carolina at Chapel Hill, where he was a Joseph E. Pogue Scholar. Prior to joining the firm, Mr. Weeden was an associate at Kaufman & Canoles, P.C., where he practiced in the areas of commercial and business law. Mr. Weeden is licensed to practice law in Virginia, and concentrates his practice in the area of complex ERISA litigation.

**GERALD D. WELLS, III**, an associate of the firm, received his law degree from Temple University School of Law, where he served on the editorial board of the Environment Law & Technology Journal. He is licensed to practice in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District Court of New Jersey, and the United States District Court for the Eastern District of Michigan.

Mr. Wells concentrates his practice in the areas of antitrust, ERISA, and consumer protection and has helped obtain several multi-million dollar settlements on behalf of class members, including the recent settlements in *In re Bristol-Myers Squibb ERISA Litigation*, No. 02-CV-10129 (LAP) ($41.22 million in cash plus structural remedies valued at up to $52 million) and *Falk v. Amerada Hess Corp., et al.*, No. 03-CV-2491-FSH-PS ($2.25 million in cash plus structural remedies valued at up to $23.8 million). Mr. Wells currently serves as counsel in several pending nationwide class action ERISA cases, including *Wilson v. Federal Home Loan Mortgage Corp.*, MDL 1584 (JES) (S.D.N.Y.), *Smith v. Delta Air Lines, Inc.*, No. 04-CV-2592-ODE (N.D. Ga.), and *In re Westar Energy Inc. ERISA Litig.*, No. 03-4032-JAR (D. Kan.).

**ROBIN WINCHESTER**, an associate of the firm, received her law degree from Villanova University School of Law, and received her undergraduate degree in Finance from St. Joseph's University. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Winchester served as a law clerk to the Honorable Robert F. Kelly in the United States District Court for the Eastern District of Pennsylvania.

Ms. Winchester is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of Mergers and Acquisitions and Stockholders' Derivative Actions department.

**TERENCE S. ZIEGLER**, an associate of the firm, received his law degree from the Tulane University School of Law. Mr. Ziegler received a Bachelor of Business Administration degree with a concentration in Finance from Loyola University. Mr. Ziegler is licensed to practice law in the State of Louisiana, and has been admitted to practice before the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Eastern District of Louisiana and the United States District Court for the Middle District of Louisiana. Mr. Ziegler concentrates his practice in the areas of consumer protection, ERISA, pharmaceutical pricing and antitrust.

**KEVIN P. CAULEY** serves in the firm's business development and institutional relations department. Mr. Cauley is a graduate of Temple University. Prior to joining the firm, Mr. Cauley was Director of Business Development for a multi-family office in New York City. Mr. Cauley also has prior experience in institutional fiduciary investment consulting, money manager selection, best trade executions, and asset allocation modeling. He has held the Series 7, 24, 63, and 65 licenses with the NASD. Mr. Cauley has also done political consulting in coordinating and directing various aspects of field operations for local, state, and national campaigns in Southeastern Pennsylvania. He is also an active member of The Pennsylvania Future Fund, A.O.H. Division 88 "Officer Danny Boyle Chapter," The Saint Andrews Society, The Friendly Sons of Saint Patrick, The Clover Club of Philadelphia, The Foreign Policy Research Institute, a Board Member of The Princeton Committee on Foreign Relations, and is an elected member to The Pennsylvania Society and The Union League of Philadelphia, where he serves on the Armed Services Committee.

## OF COUNSEL

**CHRISTIE A. CANNON**, of counsel to the firm, received her law degree from Emory University School of Law and her undergraduate degree from Auburn University, *magna cum laude*. In law school Ms. Cannon was named to the Order of the Barristers, was one of twelve people from her class chosen to be on the Moot Court Special Teams, and served as the Director of Special Teams on the Moot Court Board of Directors. Ms. Cannon also served as one of three team members for the Georgia Intrastate Moot Court competition and as an alternate member for the National Moot Court Team.

Ms. Cannon has spent her legal career representing both plaintiffs and defendants in complex litigation around the United States and overseas, with a prominent emphasis on securities litigation under federal and state securities laws. Ms. Cannon is licensed to practice law in Georgia and has been admitted to practice before the Eleventh Circuit Court of Appeals, the United States District Court for the Northern District of Georgia, and all Georgia trial and appellate courts. In 2005, Ms. Cannon was voted by her peers and named by *Atlanta Magazine* and *Law and Politics Magazine* to be a *Georgia Super Lawyer*, placing her in the top 5% of attorneys and among the top 15 securities litigation attorneys in Georgia.

Ms. Cannon is working extensively with partner David Kessler on *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002), currently pending in the Southern District of New York.

**ROBERT M. BRAMSON** has more than twenty-five years of experience in the litigation of antitrust and consumer cases, class actions and other complex litigation. Mr. Bramson received his undergraduate degree in economics, summa cum laude, from the University of California at Berkeley in 1977, and obtained his law degree from the Boalt Hall School of Law in 1981. Mr. Bramson is a member of the California Bar.

Mr. Bramson has represented both plaintiffs and defendants in numerous antitrust cases, and has acted as lead counsel in two such actions taken to trial - Pacific West Cable Co. v. City of Sacramento, et al. (E.D. Cal.) ($12 Million settlement on 24th day of trial, at close of plaintiff's case; Sherman Act §2 monopolization claims) and Coleman et al. v. Sacramento Cable Television (Sacramento Sup. Ct.) ($2.4 Million judgment after 17-day trial; class action/B & P §17200 case; B & P §17204 discriminatory pricing claims).

Mr. Bramson specializes in antitrust, business torts and communications litigation, as well as in class action cases. He served for many years on the Board of Directors of the National Association of Consumer Advocates and co-chaired its class action committee. He is a contributing author to the National Consumer Law Center's publication Consumer Class Actions. He acted as reporter for the National Association of Consumer Advocates in preparing its influential Standards and Guidelines For Consumer Class Actions, 176 F.R.D. 375 (1997).

Mr. Bramson's lecture topics have included "Strategic and Ethical Issues in Litigating 17200 Cases" (Bar Association of San Francisco, San Francisco 2001), "Equitable Remedies In Class Actions and Under California's Section 17200 Statute" (National Association of Consumer Advocates, Chicago 2000), "Ethical Issues Arising in Class Action Settlements" (National Consumer Law Center, Wash. DC and San Diego 1999 and 1998) "California's Business & Professions Code Section 17200" (California Bar Association, Lake Tahoe 1997), "Preparation of Competitive Business Practices Cases" (Continuing Education of the Bar, Sacramento 1997), and "The Cable Communications Policy Act of 1984" (California State University, Fullerton 1993).

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Bramson is a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

**ALAN R. PLUTZIK** specializes in complex business litigation in state and federal courts throughout the United States. Areas of particular emphasis include class actions, securities fraud and corporate governance litigation, consumer law, antitrust, constitutional and communications law. Mr. Plutzik is admitted to practice in California and the District of Columbia (inactive member), and is a member of the bars of the United States Supreme Court, the Second, Eighth, Ninth, Tenth and District of Columbia Circuits and numerous federal district courts throughout the United States.

Mr. Plutzik received his law degree from the University of California at Berkeley's Boalt Hall School of Law in 1977. He received his undergraduate degree from St. John's College, Annapolis, Maryland, in 1971, and also holds an M. A. from Stanford University. Over the

course of his twenty-nine year career, Mr. Plutzik has also handled a wide variety of class actions and derivative cases. He has represented, among other clients, corporate shareholders and limited partners challenging conduct by their general partners, officers or directors; consumers and businesses harmed by price-fixing and other anticompetitive conduct; consumers in actions against insurance companies, banks and other lenders; investors in securities fraud cases and derivative suits; employees in ERISA and wage/hour cases; purchasers of mislabeled and defective products; victims of toxic pollution; persons harmed by defective products; and cellular telephone and cable television subscribers.

Mr. Plutzik has also handled a substantial number of cases that raise First Amendment and other constitutional issues, and has represented broadcasters, cable television companies, communications common carriers and consumers in litigation and in administrative proceedings before the Federal Communications Commission and the California Public Utilities Commission.

Mr. Plutzik has written or lectured on topics that include class actions, California consumer law, substantive and procedural issues under the federal securities laws, First Amendment issues applicable to new media, cable television franchising and cable television companies' access to utility poles and real estate developments. He has appeared as a guest radio commentator on the Len Tillem Show on KGO-Radio in San Francisco, discussing class actions, consumer protection law and investor rights.

Mr. Plutzik has served as a judge pro tem on the Contra Costa County Superior Court. He is also President of the Warren W. Eukel Teacher Trust, a community-based charity that honors outstanding teachers in Contra Costa County, California.

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Plutzik is a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.


**L. TIMOTHY FISHER** specializes in consumer and securities class actions and complex business litigation. He has been actively involved in several cases in which multi-million dollar recoveries were achieved for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and fraud. Mr. Fisher is a member of the California Bar.

Mr. Fisher received his Juris Doctorate from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council." He is

also a member of Phi Beta Kappa.

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Fisher is an associate in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

LAW OFFICES

# BRODSKY & SMITH, LLC

240 Mineola Boulevard
MINEOLA, NY 11501
—
516.741.4977
FAX 516.741.0626
www.brodsky-smith.com

| CALIFORNIA OFFICE | PENNSYLVANIA OFFICE | NEW JERSEY OFFICE |
|---|---|---|
| 9595 WILSHIRE BLVD., SUITE 900 | TWO BALA PLAZA, SUITE 602 | 20 BRACE ROAD, SUITE 112 |
| BEVERLY HILLS, CA 90212 | BALA CYNWYD, PA 19004 | CHERRY HILL, NJ 08034 |
| 310.300.8425 | 610.667.6200 | 856.795.7250 |

Brodsky & Smith, LLC is a law firm that was organized under the Limited Liability Laws of the Commonwealth of Pennsylvania in July of 1998. The firm's attorneys are licensed to practice in both State and Federal courts in the Commonwealth of Pennsylvania, the State of New Jersey, the District of Columbia, the State of California, and the State of New York.

The firm represents individuals and businesses in various types of litigation matters including, securities class action and shareholder derivative litigation, anti-trust litigation, civil rights litigation, complex commercial litigation, consumer protection litigation, mass-tort litigation, ERISA litigation and personal injury litigation.

The firm's offices are located in Bala Cynwyd – Pennsylvania, Cherry Hill - New Jersey, Mineola - New York and Beverly Hills - California.

## QUALIFICATIONS OF MEMBERS

### JASON L. BRODSKY:

Jason Lawrence Brodsky is a founding member of Brodsky & Smith, LLC. He limits his practice to protecting the rights of Plaintiffs through litigation. His current areas of practice include Class Action Civil Rights Litigation, Class Action Securities/Derivative Shareholder Litigation; Commercial Litigation; Anti-trust Litigation, Catastrophic Injury Litigation; and Workers' Compensation Litigation.

He is an experienced trial attorney, who has successfully obtained consent decrees, verdicts, and settlements in various state and federal courts around the country on behalf of injured, wronged, or discriminated against individuals and businesses. Prior to forming the firm, he was an attorney at a 150-attorney insurance defense firm in Philadelphia where he represented Fortune 500 clients, insurance companies, and municipal entities, including the City of Philadelphia.

He received his Juris Doctor from Widener University School of Law (1996) where he

was a member of the Trial Advocacy Honor Society. He also received his Bachelor of Arts in Criminology from Pennsylvania State University (1993).

He is licensed to practice in both the Commonwealth of Pennsylvania (1996) and the State of New Jersey (1996). He is also licensed to practice in the United States District Court for the Eastern District of Pennsylvania (1998) and the United States District Court of New Jersey (1996). He has also been admitted *pro hac vice* in state and federal courts across the country in various matters.

### *EVAN J. SMITH*:

Evan Jason Smith is a founding member of Brodsky & Smith, LLC. His current areas of practice include Anti-trust Litigation; Civil Rights Litigation, Class Action Securities and Shareholder Derivative Litigation; Commercial Litigation; ERISA Litigation; and Personal Injury Litigation.

He began his legal career as an attorney at a Philadelphia boutique litigation law firm where he worked on complex commercial litigation matters. Prior to forming Brodsky & Smith, LLC, he was an attorney at a Philadelphia insurance defense law firm in the Premises and Casualty Liability Litigation Department.

In the fall of 2005, he was selected as a Pennsylvania Super Lawyers' Rising Star (Attorneys Under 40), an honor bestowed upon less than 2.5% of Pennsylvania attorneys. In May 2002, he convinced the court in *McCain v. Beverly Enterprises, Inc.* CV-02-657 (E.D.Pa.), to reverse the long standing and prevailing case law which precluded injured plaintiffs from bringing a claim for damages under a negligence *per se* theory against medical facilities for violations of state and federal statutes regarding standard of care towards patients. This reversal lowered the burden of proof in civil cases for injured plaintiffs when a governmental agency has found a defendant in violation of state and/or federal standard of care statutes. This case has been cited by many jurisdictions across the country in nursing home neglect litigation.

Upon graduating law school, he served as a judicial law clerk for the Honorable Albert W. Sheppard, Jr. of the Philadelphia Court of Common Pleas, First Judicial District. He also served as a student law clerk for the Honorable William H. Yohn of the United States District Court for the Eastern District of Pennsylvania and the Honorable John T.J. Kelly, Jr. of the Commonwealth of Pennsylvania Superior Court.

He received his Juris Doctor from Temple University School of Law (1996) where he was a member of the Moot Court Honor Society and the Political and Civil Rights Law Review. He also served as a clinical intern at the Philadelphia District Attorney's Office. He received his Bachelor of Arts in International Politics and a minor degree in Spanish from Pennsylvania State University (1993).

2

He is licensed to practice in state courts for the Commonwealth of Pennsylvania (1996), the State of New Jersey (1996), the District of Columbia (1999), the State of New York (2002), and the State of California (2006). He is also licensed to practice in federal courts for the United States Supreme Court (2003); United States Court of Appeals for the Third Circuit (1998), the United States District Court for the Eastern District of Pennsylvania (1998), the United States District Court of New Jersey (1996), the United States District Court for the Southern District of New York (2002), the United States District Court for the Eastern District of New York (2003), the United States District Court for the Northern District of New York (2003), the United States District Court for the District of Colorado (2003); the United States District Courts for the Northern, Southern, Central and Eastern Districts of California (2006). He has also been admitted *pro hac vice* in state and federal courts across the country in various matters.

### *MARC L. ACKERMAN:*

Marc Louis Ackerman joined Brodsky & Smith, LLC as a partner in October 2002. His current areas of practice include Class Action Securities/Shareholder Derivative Litigation; Consumer Protection Litigation, Commercial Litigation; Civil Rights Litigation; Insurance Litigation; and Personal Injury Litigation.

He began his legal career as an associate in the litigation department of a 250-attorney Philadelphia law firm. After working for the Department of Justice as a Special Assistant United States Attorney for the Eastern District of Pennsylvania, he joined a 300-attorney Philadelphia law firm where he concentrated his practice in insurance and commercial litigation matters. As a partner he represented Fortune 500 clients in insurance fraud, RICO, wrongful death and other complex insurance matters. Just prior to joining Brodsky & Smith, LLC, he was Pennsylvania resident counsel for a small boutique class action firm based in Connecticut.

He received his Juris Doctor from Temple University School of Law (1989) where he served as the Director of Temple - LEAP, an organization dedicated to introducing secondary school students to the profession and practice of law. He received his Bachelor of Arts from Villanova University (1986, cum laude).

He is licensed to practice in state courts for the Commonwealth of Pennsylvania (1989) and the State of New Jersey (1990). He is also licensed to practice in federal courts for the United States Supreme Court (2003); United States Court of Appeals for the Third Circuit (1995); the Eastern District of Pennsylvania (1990) and the United States District Court of New Jersey (1990). He has also been admitted *pro hac vice* in state and federal courts across the country in various matters.

*STEVEN S. WANG:*

Steven S. Wang joined Brodsky & Smith, LLC as of counsel in December 2005. His current practice areas include Commercial Litigation; Business Litigation; Insurance Litigation; and Personal Injury Litigation.

Prior to opening his own litigation practice in Los Angeles, Steve was an associate in the insurance coverage and business litigation department of Newmeyer & Dillion, LLP, a mid-sized full service law firm based in Newport Beach, California. He is published in *Century Surety Co. v. Crosby Ins., Inc.* (2004) 124 Cal.App.4th 116, 21 Cal.Rptr.3d 115, *Lamden v. La Jolla Shores Clubdominium Homeowners Assn.* (1999) 21 Cal.4th 249, 87 Cal.Rptr.2d 237, and *Mizzell v. Paul Revere Life Ins. Co.* (2000) 118 F.Supp.2d 1016 (Central District of California). Steve is a member of the California State Bar, the Korean American Bar Association of Southern California, and the Los Angeles County Bar Association.

He received his Juris Doctor from Pepperdine University School of Law (1996), and his Bachelor of Arts from University of California, Irvine (1993, History). While in law school, Steve served as a judicial extern to Honorable Ernest Robles and Honorable John J. Wilson (Ret.) of the United States Bankruptcy Court for the Central District of California.

# SECURITIES CLASS ACTION, SHAREHOLDER DERIVATIVE AND ERISA LITIGATION

Brodsky & Smith, LLC presently represents investors from all over the world in over three hundred (300) class action securities, ERISA and/or shareholder derivative cases pending in various state and federal courts in the United States. The firm serves as lead counsel in *In re Ryland Group, Inc. Securities Litigation* pending in the Northern District of Texas (3:04-CV-541G) and co-Lead Counsel in *In re Custom Design Compressor Securities Litigation* pending in the District of New Mexico (05-cv-0848). The firm also serves as Liaison Counsel in *In re S.A.C. Capital (Biovail) Securities Litigation* (USDC D.NJ 2006).

The firm is also Lead or Co-lead counsel in various shareholder derivative litigation matters alleging, *inter alia*, breach of fiduciary duties and corporate mismanagement. In these actions, our firms' clients attempt to achieve corporate governance on behalf of the companies. The following are cases in which Brodsky & Smith, LLC currently serves as sole lead or co-lead counsel in shareholder derivative litigation matters in state and federal court across the country: *In re NVE Shareholder Derivative* Litigation, (Minnesota state Court); *In re Impac Mortgage Holding Shareholder Derivative Litigation* (Orange County California state Court); *In re DHB Industries, Inc.* (Supreme Court of New York, Nassau County, 06-1422); *In re Harley-Davidson, Inc. Shareholder Derivative Litigation* (Wisconsin Circuit Court, Milwaukee County, 05-cv-006021); *In re OCA, Inc. Shareholder Derivative Litigation* (E.D. Louisiana 05-cv-2165); *In re Pfizer Shareholder Derivative* Litigation, (U.S.D.C. SDNY 1:04-10075); *In re Genta Shareholder Derivative Litigation*, (U.S.D.C. D. NJ 04-3169); *In re Merck & Co. Shareholder Derivative Litigation*, (New Jersey Superior Court, Atlantic County (ATL-L-06939-05); *In re Express Scripts Shareholder Derivative Litigation* (Missouri Circuit Court, City of St. Louis,

4

No.042-08632); *In re Avaya Shareholder Derivative Litigation* (D.N.J. 05-cv-2501); *In re Visteon Shareholder Derivative Litigation* (Michigan Circuit Court, Wayne County 05-506341).

The firm has been appointed as local counsel or is awaiting court decision on pending motions for appointment of lead counsel and/or liaison counsel and/or assisting lead counsel in the following matters: *In re The Mills Corporation Shareholder Derivative Litigation,* (U.S.D.C. E.D. Va. 06-0259) (proposed co-Lead counsel); *In re Vitesse Semiconductor Shareholder Derivative Litigation* (USDC C.D. Cal 2006); *In re Hot Topic, Inc. Shareholder Derivative Litigation,* (Superior Court of California – Los Angeles County 2006) (proposed Liaison Counsel); *In re Linear Technology Shareholder Derivative Litigation,* (Superior Court of California 2006); *In re Corinthian Colleges Shareholder Derivative Litigation,* (Superior Court of California - Orange County 2006) (proposed Liaison Counsel); *In re Quest Software Shareholder Derivative Litigation,* (Superior Court of California – 2006) (Liaison Counsel); *In re Dot Hills Shareholder Derivative Litigation,* (Superior Court of California - San Diego County 2006) (Liaison Counsel); *In re Samina Corp Shareholder Derivative Litigation,* (California 2006); *In re Viacom Shareholder Derivative Litigation* (Supreme Court New York, New York County  Index No. 602526/05) (Liaison Counsel); *In re Taser International Shareholder Derivative Litigation* (D. Arizona 2005); *In re Marsh McClennann Companies Shareholder Derivative Litigation* (S.D.N.Y. 2004); *In re Wireless Facilities, Inc. Shareholder Derivative Litigation* (S.D. California 2004); *In re Regeneron Shareholder Derivative Litigation* (State Court New York, Westchester County) (Liaison Counsel); *In re NBTY Shareholder Derivative Litigation* (New York State Court 2004) (Liaison Counsel); *In re MBIA Shareholder Derivative Litigation*. (New York State Court – Westchester County) (Liaison Counsel).

The firm also served as lead or co-lead in the settled matters of *In re Kindred Shareholder Derivative Litigation* Kentucky State Court (Jefferson Circuit Court, Division 13 2002); *In re Sagent Shareholder Derivative Litigation*, 02-0709 (PJH) (N.D. California 2002) and played an active role assisting lead counsel in settling *In re Charter Communications, Inc. Shareholder Derivative Litigation,* No. 022-10625 (Circuit Court, City of St. Louis, State of Missouri, 2002) and was local counsel in the state court proceeding of the settling matter of *In re Systemax Shareholder Derivative Litigation* (New York Supreme Court, New York, Index No. 05-8835).

Brodsky & Smith, LLC represents numerous investors in the various class action complaints in the *In re IPO Securities Litigation* (2001) pending in the United States District Court of New York.  These lawsuits allege violations of securities laws against three hundred and ten issuers and their underwriters involving fraud and conspiracy to artificially inflate the price of initial public offerings in the late 1990's.  The firm has assisted lead counsel and its executive committee in several areas including factual investigation, legal research, preparing and revising the amended consolidated complaints, document reviewing and discovery matters. This litigation has settled with the Issuing Company Defendants for an aggregate amount of $1 Billion Dollars, and continues to be prosecuted against all other Defendants including the investment bank Defendants.

The firm also represents several investors in the *In re Mutual Funds Investment Litigation* pending in the United States District Court for the District of Maryland (MDL 1586). This litigation alleges violations of federal securities laws, of the Investment Company Act of 1940 and of ERISA law against approximately 20 different mutual funds for permitting after-market trading over an extended period of time.

Brodsky & Smith, LLC has also assisted lead counsel by performing legal work in *In re Rite Aid Securities Litigation* U.S.D.C. (E.D. Pa.) (1999). This lawsuit settled with many Defendants for the investor class in an amount in excess of Three Hundred Million Dollars ($300,000,000.00). It has also assisted lead counsel by performing legal work in *In re IKON Securities Litigation*, U.S.D.C. E.D. Pa. (1998). This lawsuit was settled with certain Defendants for the investor class in an amount in excess of One Hundred and Ten Million Dollars ($110,000,000.00). Presently, the firm is assisting lead counsel in the *In re Tyco Securities Litigation* matter.

The firm also represents shareholders who file ERISA class action matters against companies for violating their fiduciary duties in administering retirement plans for publicly traded companies. The firm is co-lead counsel in *SPX Corporation ERISA Litigation*, (U.S.D.C. W.D. N.C. 04-cv-192). The firm was also co-lead counsel in the settling matter of *Hanover Compressor Company ERISA Litigation* (U.S.D.C. S.D. Texas H-02-0410) which achieved $1,775,000.00 for the class. Brodsky & Smith is currently local counsel in the *In re Loral Space Communications, Ltd. ERISA* litigation pending in the Southern District of New York (03-CV-9729). The firm is also counsel in the *Honeywell ERISA Litigation; Janus Fund ERISA Litigation; Goodyear ERISA Litigation, Polaroid ERISA Litigation, Delta Airlines ERISA Litigation; AIG ERISA Litigation and Citigroup ERISA Litigation* matters.

The firm also represents the governmental municipality of Delaware County, Pennsylvania in a municipal bond class action against several banking institutions, including First Union, PNC Bank, JP Morgan Chase & Company and Mellon Bank. The actions seek the return of unclaimed monies from bond issuances over the past thirty (30) years. This case is pending in the Court of Common Please Delaware County No. 01-6882 and has recently been certified as a class action.

# ANTI-TRUST LITIGATION

Brodsky & Smith, LLC represents consumers in various anti-trust matters. The firm is counsel in the following matters: *In re Publication Paper Anti-Trust Litigation* pending in federal court in Connecticut (2004); *In re Elevator Anti-Trust Litigation* (2004) pending in the Southern District of New York; *In re Foundry Resin Anti-Trust Litigation* (2004) currently pending in Ohio; and *In re EPDM Anti-Trust litigation* (2004) currently pending in various states including New Jersey, Florida, Tennessee, Nebraska, New Mexico and North Carolina. Each one of these lawsuits alleges that the Defendants conspired with each other in manipulating prices in order to restrain competition in the market for goods and/or services. This alleged conduct precludes other companies from entering the free trade market and/or inflates prices that

would ordinarily have been paid for the goods and/or services and is therefore in violation of Section 1 of the Sherman Act.

The firm is also counsel in anti-trust lawsuits alleging price fixing schemes and/or for filing frivolous applications (and/or extensions) of patents in order to prevent generic drugs from entering the market. These drugs include Alphagryn, Augmentin, Immodium, Neurotin, Remeron and Wellbutrin.

# COMMERCIAL LITIGATION

Brodsky & Smith, LLC has represented individuals and businesses in complex commercial litigation with much success. The firm has assisted their clients in litigation matters such as breach of contract, fraud, misrepresentation, tortious interference with contractual relations, insurance disputes, real estate and collection matters.

# CIVIL RIGHTS LITIGATION

Brodsky & Smith, LLC represents disabled individuals and advocacy groups in various litigation matters across the country. This representation includes enforcement of Title III of the Americans with Disabilities Act, 42 U.S.C. Section 12181. Through this representation, our clients attempt to make public accommodations accessible to all disabled individuals. Brodsky & Smith, LLC has achieved both Consent Decrees and settlements on behalf of our clients against *hundreds* of public accommodations around the country. The firm currently is counsel in various putative class action lawsuits attempting to force major corporations across the country to abide by the Americans with Disabilities Act and/or related state statutes.

# PERSONAL INJURY LITIGATION

Brodsky & Smith, LLC has represented, and continues to represent, many individuals in serious personal injury matters. The firm has successfully litigated trial verdicts and has achieved millions of dollars for their clients in cases involving nursing home neglect, vehicular accidents, wrongful death, workman's compensation and premises (slip and fall) accidents.

The firm is proud to have changed the law in Pennsylvania regarding the liability of medical and nursing home facilities when they are found to have violated either the Omnibus Budget Reconciliation Act (OBRA) or the Older Adult Protective Services Act (OAPSA). Specifically, in *McCain v. Beverly Enterprises, Inc.* CV-02-657, Judge Ludwig reversed the prevailing case law in the Eastern District of Pennsylvania, and other jurisdictions, and held that while a private right of action did not exist for plaintiffs against medical facilities for violations of these statutes, plaintiffs were still entitled to bring a claim for damages under a negligence *per se* theory. This holding in essence lowered the burden of proof for injured plaintiffs when the defendants have been held in violation of these statutes by a state or federal agency.